[No. 39347-2-I.    Division One.    December 18, 1997.]
*In the Matter of the Personal Restraint of* THOMAS
HOPKINS, *Petitioner.*

*Eric J. Nielsen* of *Nielsen, Broman & Associates, P.L.L.C.,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Ann M. Foerschler, Deputy,* for respondent.

AGID, J. — Thomas Hopkins contends he is entitled to collateral relief from his 81-month sentence for solicitation to deliver cocaine because it exceeds the 5-year statutory maximum sentence for a class C felony. We hold that because Hopkins has a prior drug conviction, the statutory maximum sentence for his crime was 10 years under RCW 69.50.408. We therefore deny his personal restraint petition.

## DISCUSSION

In July 1995, Hopkins was arrested and charged with delivery of cocaine in a school zone. After plea negotiations, he entered an *Alford*[1] plea to solicitation to deliver cocaine without the school zone enhancement. The trial court sentenced him to 81 months confinement. Although this sentence was at the bottom of his standard sentencing range,[2] Hopkins contends it is invalid because solicitation is a class C felony subject to a 5-year maximum sentence under RCW 9A.20.021(1)(c). When a defendant's presump-

---

[1]*North Carolina v. Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2]Hopkins's offender score was 9 and the seriousness level for delivery of cocaine is VIII resulting in a standard range of 108-144 months. The standard range for inchoate crimes, including solicitation, is 75 percent of that for the completed crime. RCW 9.94A.410. Thus, Hopkins's presumptive sentence range for solicitation was 81 to 108 months.

tive sentencing range exceeds the statutory maximum for a designated offense, the statutory maximum becomes the presumptive sentence.[3]

The class of the felony for which the defendant is convicted determines the statutory maximum sentence.[4] But because solicitation is an unclassified felony, the sentencing court looks to the maximum sentence authorized by law for the completed crime to determine its classification and the applicable statutory maximum.[5] Solicitation to commit a crime is one class lower than the completed crime.[6] Delivery of cocaine, the completed offense in this case, carries a maximum penalty of 10 years imprisonment,[7] making it a class B felony.[8] Solicitation to deliver cocaine is therefore a class C felony, with a 5-year statutory maximum sentence.[9]

But when a defendant has a prior drug conviction, RCW 69.50.408 authorizes the sentencing court to impose a sentence up to twice what the maximum term would otherwise be.[10] Hopkins contends this provision does not permit a sentence outside the statutory maximum unless the sentencing court specifically invokes it. He also asserts that it does not apply in his case because he was not convicted of a drug offense under RCW 69.50. While both arguments have superficial appeal, neither withstands close scrutiny.

■ ■ Hopkins first argues that, because RCW 69.50.408(a) says that a defendant *"may* be imprisoned for

[3]RCW 9.94A.420.

[4]RCW 9A.20.021.

[5]RCW 9A.28.010; RCW 9A.28.030; RCW 9A.28.020.

[6]RCW 9A.28.030(2); RCW 9A.28.020(3).

[7]RCW 69.50.401(a)(1)(i).

[8]RCW 9A.28.010(2).

[9]RCW 9A.20.021(1)(c).

[10]RCW 69.50.408(a) provides in part: "Any person convicted of a second or subsequent offense under this chapter [drug offenses] may be imprisoned for a term up to twice the term otherwise authorized."

a term up to twice the term otherwise authorized," it is a discretionary enhancement which does not increase the statutory maximum sentence unless the court actually chooses to apply it. Hopkins is correct when he says that "may" generally indicates choice or discretion.[11] But read in the context of other statutes which set maximum statutory terms, the doubling provision cannot be interpreted as discretionary. It uses exactly the same language as every other provision establishing a maximum term.[12] When the same language appears in different portions of a statute, we give it the same construction in each.[13] None of the other statutes which use this language to set maximums gives the sentencing court any discretion over the length of the maximum term. Rather, they dictate the maximum within which the court has discretion to sentence the defendant. Thus, we hold that when a defendant is convicted under RCW 69.50 and has a prior conviction under that chapter, his statutory maximum term automatically becomes twice as long as would otherwise be authorized for his crime. The sentencing court may impose any sentence within that maximum term so long as it complies with other applicable provisions of the Sentencing Reform Act (SRA).[14]

This interpretation is also consistent with legislative policy as reflected in recent amendments to RCW 69.50 which have significantly increased standard range sen-

[11]*Strenge v. Clarke*, 89 Wn.2d 23, 28, 569 P.2d 60 (1977).

[12]*See e.g.*, RCW 69.50.401(a)(1)(i) ("[a]ny person who violates this subsection . . . may be imprisoned for not more than ten years"); RCW 69.50.402(b) ("[a]ny person who violates this section . . . may be imprisoned for not more than two years"); RCW 69.50.403(c) ("[a] person who violates this section . . . may be imprisoned for not more than two years").

[13]*Timberline Air Serv., Inc. v. Bell Helicopter-Textron, Inc.*, 125 Wn.2d 305, 313, 884 P.2d 920 (1994).

[14]We recognize that Division II of this court reached the opposite conclusion in *State v. Cameron*, 80 Wn. App. 374, 909 P.2d 309 (1996). But we see no indication from its opinion that the State argued, as it did here, that the provision must be construed as consistent with other statutes using the same language to set maximum terms for other felonies. Because we rely primarily on this argument in reaching our conclusion, we decline to follow *Cameron*.

tences for repeat drug offenders. Under the new, higher standard ranges, a repeat offender's standard range will often exceed the statutory maximum for his crime. This is especially true where the defendant is also found guilty of a school zone or deadly weapon enhancement. Thus, it is logical for the Legislature to also increase the maximum term for those same repeat offenses to ensure that the higher standard range sentences "fit" within the applicable maximum term. Raising sentencing ranges for repeat offenders would have little effect if they were capped by lower maximum terms.

Nor do we agree with Hopkins that the doubling provision is an "enhancement," as that term of art is used in the SRA. An enhancement is an act committed along with the crime—having a gun,[15] being in a school or bus zone,[16] having a sexual motivation[17]—which the jury must find separately from the underlying crime it accompanies. If the jury so finds, the enhancement carries an increased penalty which must also fit within the statutory maximum for the crime. The doubling provision has none of those characteristics. It is not a charge submitted to the jury or a sentence added to the standard range. Rather, it is a legislative determination that a second drug delivery increases the maximum within which a defendant can be sentenced to twice what it would have been were this his first offense.[18]

██ ██ Hopkins next argues that because the doubling provision applies only to convictions under chapter 69.50 and he was convicted of solicitation under RCW 9A.28.030, it cannot affect his statutory maximum sentence. A defendant commits the crime of solicitation when he offers to give money or other value to another person to facilitate com-

---

[15]RCW 9.94A.125.

[16]RCW 69.50.435.

[17]RCW 9.94A.127.

[18]Because the doubling statute is not ambiguous, the rule of lenity does not apply in this case.

mitting a crime.[19] Solicitation does not occur in a vacuum. By definition, it must facilitate some specific underlying crime or it is not a crime at all. That underlying crime which the defendant wishes to facilitate defines the elements of the solicitation with which he is charged and the sentence to which he is subject. When the completed crime is one defined in RCW 69.50, the defendant is charged with a crime under that chapter. Therefore, Hopkins was convicted of a crime defined in RCW 69.50 and the doubling provision applies.

To summarize, we hold that RCW 69.50.408 is neither discretionary nor a sentence enhancement but rather a provision that automatically doubles the statutory maximum sentence for convictions under RCW 69.50 when the defendant has a prior conviction under that statute. We further hold that inchoate offenses, such as solicitation, are included within RCW 69.50 for purposes of the doubling provision when the underlying crime is defined in that chapter. Therefore, because Hopkins had prior convictions under RCW 69.50, the statutory maximum sentence for his conviction for solicitation to deliver cocaine was 10 years, and his 81-month sentence is valid.

Hopkins's personal restraint petition is denied.

BAKER, C.J., and WEBSTER, J., concur.