[No. 30206-3-II.   Division Two.   June 8, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. RODNEY DAVID CLARK, JR., *Appellant*.

516

*Roger A. Hunko* and *Thomas E. Weaver, Jr.*, for appellant.

*Juelie B. Dalzell, Prosecuting Attorney*, and *Tracey L. Lassus, Deputy*, for respondent.

ARMSTRONG, J. — Rodney Clark appeals his 240-month sentence for one count of manufacturing methamphetamine and two counts of taking a motor vehicle without permission. The court imposed this sentence on remand for resentencing. Clark argues the trial court erred when it included two Skagit County convictions, entered after his Jefferson County convictions but before his resentencing, in his offender score and when it doubled the standard range for his manufacturing conviction under RCW 69.50.408. Including Clark's Skagit County convictions in his offender score was proper; we remand for resentencing because the trial court erred when it doubled the standard range.

FACTS

In August 2000, a Jefferson County jury convicted Rodney Clark on one count of methamphetamine manufacturing, school zone enhancement, one count of methamphetamine possession and two counts of taking a motor vehicle without permission. In December 2002, we affirmed Clark's convictions for manufacturing methamphetamine and taking the motor vehicles without permission, but we remanded the case for dismissal of the methamphetamine possession charge and the school zone enhancement. Clark committed the three affirmed offenses between January 1999 and February 2000.

On remand, the State introduced evidence that after his convictions on the Jefferson County charges, but before we issued our decision on his appeal, Clark pleaded guilty to one count of manufacturing methamphetamine and one count of second degree possession of stolen property in Skagit County Superior Court. These crimes were commit-

ted on November 25, 1999, and Clark pleaded guilty on May 17, 2001. The Skagit County court included Clark's Jefferson County convictions to determine his offender score and sentenced Clark to 149 months to run concurrently with his Jefferson County sentence.

At his Jefferson County resentencing, Clark argued that his Skagit County convictions should not count toward his offender score. The court disagreed, calculating Clark's offender score for the manufacturing count as "11," and as "8" on both of the taking motor vehicle without permission charges. Clark also argued that his maximum sentence for the manufacturing count was 120 months. But the court doubled his maximum sentence to 240 months and the standard range of 149 to 198 months under RCW 69-.50.408(b). The court sentenced Clark to 240 months on the manufacturing count and 22 concurrent months on the taking motor vehicle without permission counts.

ANALYSIS

Clark argues that the sentencing court erred when it included his Skagit County convictions in its calculation of his offender score and when it doubled the standard range for the manufacturing count under RCW 69.50.408.

I. Inclusion of Clark's Skagit County Convictions

Clark analogizes to State v. Whitaker, 112 Wn.2d 341, 771 P.2d 332 (1989), and attempts to distinguish the State's primary cases, State v. Collicott, 118 Wn.2d 649, 827 P.2d 263 (1992), and State v. Shilling, 77 Wn. App. 166, 889 P.2d 948 (1995). But Collicott and Shilling control.

Under former RCW 9.94A.360(1) (2000), a "prior conviction" is "a conviction which exists before the date of sentencing for the offense for which the offender score is being computed."

In Whitaker, the defendant was found guilty of negligent homicide in 1981 before the legislature enacted the Sen-

tencing Reform Act of 1981 (SRA), chapter 9.94A RCW. Instead of sentencing Whitaker, the court placed him on probation and gave him a deferred sentence. In 1986, after various probation violations, the court revoked Whitaker's probation and imposed the 10-year deferred sentence. When it set the minimum term, the court counted a 1986 reckless driving conviction as a prior offense. The analysis turned on whether Whitaker's "date of sentencing" was the 1981 probation hearing or the 1986 revocation hearing. The court reasoned that although the SRA eliminated the concept of probation, community supervision under the SRA was similar. Thus, had Whitaker received community supervision under the SRA instead of pre-SRA probation, his "date of sentencing" would have been in 1981 and his 1986 conviction could not have been counted as a prior conviction. Accordingly, the court held that a deferred sentence is a "sentence" for purposes of determining a minimum term under the SRA, explaining that a contrary result would be illogical because the 1981 and 1986 offenses would each be treated as a prior conviction of the other. *Whitaker*, 112 Wn.2d at 344-46.

In *Collicott*, the court held that a conviction entered after the original sentencing but before resentencing on remand was a prior conviction for purposes of determining the defendant's offender score at resentencing. *Collicott*, 118 Wn.2d at 665. Clark's appeal presents the same issue.

As Division One recently stated in *Shilling*, "[t]he offender score includes *all* prior convictions (as defined by [former] RCW 9.94A.030(9)) existing at the time of that particular sentencing, without regard to when the underlying incidents occurred, the chronological relationship among the convictions, or the sentencing or resentencing chronology." *Shilling*, 77 Wn. App. at 175. Accordingly, the trial court properly included Clark's Skagit County convictions when it determined his offender score at his resentencing.

Clark also argues that including his Skagit County convictions violates double jeopardy. But the case Clark

relies on, *State v. Hardesty*, 78 Wn. App. 593, 897 P.2d 1282 (1995), *aff'd in part, rev'd in part*, 129 Wn.2d 303, 915 P.2d 1080 (1996), is inapposite. *Hardesty* addressed whether double jeopardy barred the resentencing of a defendant who had fully served an original sentence obtained by fraud. *Hardesty*, 78 Wn. App. at 595. Clark relies primarily on the proposition that a defendant has a double jeopardy right whenever he has a reasonable expectation of finality in the judgment. But the Supreme Court expressly identified "the pendency of an appeal or review of the sentencing determination" as factors bearing on whether a defendant has a reasonable expectation of finality. *Hardesty*, 129 Wn.2d at 311. Here, Clark appealed his sentence. Because of this, he had no reasonable expectation of finality and his double jeopardy argument fails.

## II. Application of RCW 69.50.408

■■ Clark also argues the sentencing court erred when it doubled the standard range for the methamphetamine manufacturing count, contending that the court should have doubled only the maximum penalty. Clark reasons that because the court lacked authority to double the standard range (149-198), its 240-month sentence was exceptional without supporting reasons. The State responds that the court was permitted to double the standard range as long as the sentence it imposed did not exceed the maximum penalty. Because RCW 69.50.408 doubles only the maximum penalty, we reverse and remand for resentencing.

Under RCW 69.50.408(a), a person convicted of a "second or subsequent offense under [chapter 69.50 RCW] may be imprisoned for a term up to twice the term otherwise authorized." Under subsection (b), "an offense is considered a second or subsequent offense, if, prior to his conviction of the offense," the offender has at any time been convicted of a drug-related offense in Washington or another state. Clark has a 1994 California conviction for possessing a

controlled substance for sale. And although RCW 69-.50.408(c) excludes current possession convictions, it does not apply to prior convictions. *State v. McCollum*, 88 Wn. App. 977, 989, 947 P.2d 1235 (1997). Accordingly, RCW 69.50.408 applies to Clark's Jefferson County manufacturing conviction. The question is whether it allows the court to double both the standard range and the maximum penalty.

In *In re Personal Restraint Petition of Hopkins*, 89 Wn. App. 198, 203, 948 P.2d 394 (1997), *rev'd on other grounds*, 137 Wn.2d 897, 976 P.2d 616 (1999), Division One held that RCW 69.50.408 is neither discretionary nor a sentencing enhancement but rather automatically doubles the statutory maximum sentence for convictions under chapter 69.50 RCW when the defendant has a prior conviction under that statute. When it reversed, the Washington Supreme Court noted it need not address this holding because it resolved the case by holding that solicitation to deliver cocaine was not an offense under chapter 69.50 RCW. *Hopkins*, 137 Wn.2d at 900 n.2. We conclude that RCW 69.50.408 doubles the maximum penalty, but not the standard range.

Additional support for this conclusion is found in the SRA's sentencing scheme, which demonstrates that standard sentencing range and statutory maximum penalty are different concepts. Standard sentencing ranges are determined by the offense's seriousness and offender score. RCW 9.94A.530(1). A trial court may impose an exceptional sentence outside this standard range only if it finds substantial and compelling reasons, set forth in written findings and conclusions, which support an exceptional sentence. RCW 9.94A.535; *State v. Gore*, 143 Wn.2d 288, 315, 21 P.3d 262 (2001). If the presumptive sentencing range exceeds the statutory maximum sentence for the offense, the statutory maximum sentence becomes the presumptive sentence. RCW 9.94A.599. Thus, the SRA recognizes that a presumptive standard range may exceed the maximum penalty the legislature has authorized for a crime.

Moreover, the legislature enacted RCW 69.50.408 in 1971. The legislature did not pass the SRA, which created the sentencing range concept, until 1981.[1] And although the legislature amended RCW 69.50.408 in 1989, the amendment did not alter the basic doubling provision of the statute. We conclude that the legislature intended RCW 69.50.408 to double only the statutory maximum penalty, not the standard range.

Based on Clark's offender score of 11 and the methamphetamine manufacture's level X seriousness, his standard range was 149-198 months. Former RCW 9.94A.310, .320 (1998) and (1999).[2] RCW 69.50.408(a) doubled his maximum penalty to 240 months. *See* RCW 69.50.401(a)(1)(ii). Accordingly, when the court sentenced Clark to 240 months, it imposed a sentence outside his standard range without identifying substantial and compelling reasons and entering written findings and conclusions.

We reverse and remand for resentencing.

QUINN-BRINTNALL, C.J., and SEINFELD, J. Pro Tem., concur.

---

[1] 1981 FINAL LEGISLATIVE REPORT, 47th Wash. Leg., Reg. & 1st Spec. Sess. at 71-72.

[2] Three versions of the SRA were in effect during the time frame in which Clark was charged with manufacturing methamphetamine, but no substantive changes to the applicable provisions were made.