134 P.3d 1166 (2006)
157 Wash.2d 83
In re the Matter of the Personal Restraint Petition of Gilberto CRUZ, Petitioner.
No. 77317-3.
Supreme Court of Washington, En Banc.
Argued February 14, 2006.
Decided May 25, 2006.
Thomas E. Weaver, Jr., Attorney at Law, Bremerton, for Petitioner/Appellant.
Kevin Michael Korsmo, Attorney at Law, Spokane, for Appellee/Respondent.
J.M. JOHNSON, J.
¶ 1 Mr. Gilberto Cruz seeks relief from his judgment and sentence because, he argues, it is facially invalid. After a jury convicted Mr. Cruz of various drug offenses, the superior court sentenced Mr. Cruz to double the low end of the standard range sentence pursuant to its interpretation of RCW 69.50.408. That statute provides that any person convicted of a subsequent controlled substance offense may be imprisoned for "a term up to twice the term otherwise authorized." RCW 69.50.408(1). Mr. Cruz argues that he was improperly sentenced because RCW 69.50.408(1) doubles the maximum sentence not the standard range sentence. We agree.

FACTS AND PROCEDURAL HISTORY
¶ 2 On May 14, 1998, a jury convicted Gilberto Cruz of eight drug offenses involving cocaine. The judgment and sentence entered recognizes that the standard range sentence for most of these convictions was 108-144 months, while two of the convictions carried a 0-12 month standard sentence range. The judgment and sentence noted that all of the crimes had a maximum term of 10 years.
¶ 3 The sentencing court sentenced Mr. Cruz to 216 months' confinement for each of the crimes with a standard range sentence of 108-144 months and 12 months' confinement for the crimes with a standard range sentence of 0-12 months. The sentences were imposed concurrently; thus, the total confinement *1167 ordered was 216 months. The court reached this number by doubling the low end of the standard range (108 months) pursuant to RCW 69.50.408.[1]
¶ 4 Mr. Cruz filed a direct appeal to Division Three of the Court of Appeals arguing, among other things, that the sentencing court improperly doubled his standard range sentence because RCW 69.50.408 doubles the maximum sentence. Division Three affirmed in an unpublished decision and held that the doubling of the standard range was authorized by RCW 69.50.408. State v. Cruz, 99 Wash.App. 1022, 2000 WL 122644 (Wash.Ct. App.), review denied, 142 Wash.2d 1005, 11 P.3d 824 (2000).
¶ 5 Several years later, Mr. Cruz filed a personal restraint petition with Division Three, again arguing that his sentence was improper because the sentencing court doubled his standard range. However, this time Mr. Cruz cited the recently published Division Two case State v. Clark, 123 Wash.App. 515, 94 P.3d 335 (2004), as authority for this argument. The Clark court held that RCW 69.50.408 doubled the statutory maximum penalty not the standard range.
¶ 6 Division Three declined to follow Clark and adhered to its earlier opinion that "Mr. Cruz's 108-month standard range was plainly `otherwise authorized' and thus subject to doubling under RCW 69.50.408."[2] Order Dismissing Personal Restraint Pet. at 4. The court held that "RCW 69.50.408(1) authorizes both doubling of the range and the maximum sentence." Id. Division Three then dismissed Mr. Cruz's personal restraint petition.
¶ 7 Mr. Cruz filed a motion for discretionary review, and we granted review in order to resolve a conflict between divisions.

ISSUE
¶ 8 Does RCW 69.50.408(1)'s language "twice the term otherwise authorized" refer to the standard range sentence or the maximum sentence or both?

ANALYSIS
¶ 9 RCW 69.50.408(1) provides:
Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.
¶ 10 This court has not directly addressed whether RCW 69.50.408 doubles the standard range sentence or the maximum sentence. The closest we have come to addressing the issue was in In re Personal Restraint of Hopkins, 137 Wash.2d 897, 976 P.2d 616 (1999). In that case, this court declined to address the Court of Appeals' holding "`that RCW 69.50.408 is neither discretionary nor a sentence enhancement but rather a provision that automatically doubles the statutory maximum sentence for convictions under RCW 69.50 when the defendant has a prior conviction under that statute.'" Id. at 900 n. 2, 976 P.2d 616 (quoting In re Personal Restraint of Hopkins, 89 Wash.App. 198, 203, 948 P.2d 394 (1997), rev'd on other grounds by 137 Wash.2d 897, 976 P.2d 616). However, this court's wording suggests that we believed RCW 69.50.408 applied to the maximum term. This court said "[t]he question is whether the sentencing doubling provisions contained in RCW 69.50.408 apply to petitioner's current conviction, thereby doubling the maximum term that would otherwise apply." Id. at 900, 976 P.2d 616 (emphasis added). Admittedly, this was dicta and not required to resolve Hopkins.
¶ 11 While each of the divisions of the Courts of Appeals has ruled on this issue, they are split as to whether RCW 69.50.408 authorizes doubling the standard range sentence or the statutory maximum.
¶ 12 As mentioned above, in In re Personal Restraint of Hopkins, 89 Wash.App. 198, 948 P.2d 394, Division One held that pursuant to RCW 69.50.408, a sentencing court could impose a sentence up to twice what the maximum term would otherwise be. Id. at 200, 948 P.2d 394 (this court reversed *1168 the Court of Appeals' decision because the crime of solicitation is not a prior or present crime that invokes the provisions of RCW 69.50.408. Hopkins, 137 Wash.2d 897, 976 P.2d 616).
¶ 13 In Clark, 123 Wash.App. 515, 94 P.3d 335,[3] Clark asked Division Two to determine whether RCW 69.50.408 allows the court to double both the standard range and the maximum penalty. Id. at 521, 94 P.3d 335. Clark argued that the statute doubled the maximum penalty only, and the sentencing court erred when it doubled his standard range because the sentence was exceptional without supporting reasons. Id. The State argued that the sentencing court could double the standard range as long as the sentence it imposed did not exceed the maximum penalty. Id. Citing Hopkins, the court held that "the legislature intended RCW 69.50.408 to double only the statutory maximum penalty, not the standard range." Id. at 522, 94 P.3d 335. The court also noted that the statute was enacted in 1971 while the legislature did not even create the concept of standard sentencing ranges until 1981 when it enacted the Sentencing Reform Act of 1981(SRA), chapter 9.94A RCW. Id.
¶ 14 In Mr. Cruz's case, Division Three arrived at a contrary conclusion. Division Three concluded that RCW 69.50.408 doubles the standard range sentence.
¶ 15 As can be seen, case law in the divisions is conflicting on this issue. The legislative history and intent assists us in resolving the conflict.
¶ 16 Statutory interpretation is a question of law that this court reviews de novo. Philippides v. Bernard, 151 Wash.2d 376, 383, 88 P.3d 939 (2004). The primary goal of statutory interpretation is to ascertain and give effect to the legislature's intent and purpose. In re Parentage of J.M.K., 155 Wash.2d 374, 387, 119 P.3d 840 (2005). This is done by considering the statute as a whole, giving effect to all that the legislature has said, and using related statutes to help identify the legislative intent embodied in the provision in question. Id.
¶ 17 After this examination, if the provision is still subject to more than one reasonable interpretation, it is ambiguous. State v. Jacobs, 154 Wash.2d 596, 600-01, 115 P.3d 281 (2005). "If a statute is ambiguous, the rule of lenity requires us to interpret the statute in favor of the defendant absent legislative intent to the contrary." Id. at 601, 115 P.3d 281.
¶ 18 RCW 69.50.408 was originally enacted in 1971. The substance and wording of the statute is the same today as it was in 1971.[4] Since this statute was enacted prior to the SRA, we must understand how sentencing was done before the SRA in order to properly interpret the statute.
¶ 19 Before the SRA, Washington employed a system of indeterminate sentencing, in which maximum sentences were specified for all felony offenses. Sentencing Guidelines Comm'n, A Decade of Sentencing Reform: Washington and Its Guidelines 1981-1991 5 (1991). "The length of imprisonment and other sentence conditions were determined individually, and sentences were adjusted frequently according to the offender's progress." Id. Moreover, the "Board of Prison Terms and Paroles, not judges, determined how much time the offender actually spent in prison." Id. Thus, prior to 1981 the concept of a "standard range sentence" did not exist in Washington lawonly maximum sentences existed in the indeterminate sentencing scheme.
¶ 20 If the concept of a standard range sentence did not exist prior to 1981, then the legislature could not have meant for RCW 69.50.408 to double the standard range when it enacted that statute in 1971. The legislature in 1971 acted assuming Washington's indeterminate sentencing scheme in which maximum sentences were set by the courts. Thus, when it enacted RCW 69.50.408(1) and referred to "twice the term otherwise authorized," the legislature could *1169 only have been referring to a doubling of the statutory maximum sentence.
¶ 21 Comparing RCW 69.50.408 to the related statute, RCW 69.50.435 supports the same conclusion. RCW 69.50.408 contains very similar wording to RCW 69.50.435. RCW 69.50.435 provides for an increased penalty if a person commits controlled substance crimes in certain public places. The language used to increase the penalty is instructive: "may be punished by . . . imprisonment of up to twice the imprisonment otherwise authorized by this chapter." RCW 69.50.435(1) (emphasis added). This is the same language used in RCW 69.50.408(1): "twice the term otherwise authorized."
¶ 22 This court has quoted the legislative history of RCW 69.50.435, which provides that RCW 69.50.435 "`increase[s] the maximum penalty imposable'" State v. Silva-Baltazar, 125 Wash.2d 472, 479, 886 P.2d 138 (1994) (quoting House Comm'n on Judiciary, HB 1793 Bill Analysis (1989)). Moreover, Divisions Two and Three of the Court of Appeals have interpreted the language in RCW 69.50.435 to mean that the statutory maximum sentence is doubled.[5]See State v. Blade, 126 Wash.App. 174, 107 P.3d 775 (Division Two ruled that RCW 69.50.435 defines a new statutory maximum sentence for certain crimes), review denied, 155 Wash.2d 1019, 124 P.3d 659 (2005); State v. Barajas, 88 Wash.App. 387, 960 P.2d 940 (1997) (Division Three ruled that RCW 69.50.435, by its own terms, applies to the statutory maximum sentence); State v. Lua, 62 Wash.App. 34, 813 P.2d 588 (1991) (Division Three ruled that the language in RCW 69.50.435 doubles the statutory maximum sentence).
¶ 23 In State v. O'Neal, 126 Wash.App. 395, 109 P.3d 429 (2005), Division Two recognized the similar language in RCW 69.50.408 and RCW 69.50.435 and used other court's interpretations of RCW 69.50.435 to help it interpret RCW 69.50.408. The court found that "[l]ike the school zone enhancement [RCW 69.50.435], the drug doubling statute [RCW 69.50.408] creates a new statutory maximum." Id. at 429, 109 P.3d 429.
¶ 24 Furthermore, the legislature enacted RCW 69.50.435 in 1989 (well after the adoption of the SRA), yet it used the same language it had used 18 years earlier when it adopted RCW 69.50.408. This is strong evidence that the legislature meant both statutes to have the same effectthe effect of doubling the statutory maximum sentence.
¶ 25 The legislative history of RCW 69.50.408 and the interpretation of the related statute RCW 69.50.435 lead to the conclusion that RCW 69.50.408 doubles the maximum sentence.

CONCLUSION
¶ 26 We reverse the Court of Appeals and hold that RCW 69.50.408 doubles the maximum penalty not the standard range penalty. Thus, Mr. Cruz was improperly sentenced, and his case should be sent back to the trial court so that he may be properly sentenced.
Concurring: ALEXANDER, C.J. and C. JOHNSON, MADSEN, SANDERS, BRIDGE, CHAMBERS, OWENS and FAIRHURST, JJ.
NOTES
[1] The court noted this on the judgment and sentence.
[2] The court also noted that Mr. Cruz's petition was time barred by the one-year statute of limitations in RCW 10.73.090 unless the judgment and sentence was facially invalid.
[3] This decision was not appealed.
[4] The statute was amended in 1989 to change the numbering and make the language gender neutral, LAWS OF 1989, ch. 8, § 3, and in 2003 to change the numbering again, LAWS OF 2003, ch. 53, § 341.
[5] Division One does not have any published cases interpreting this language.