

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68250-4-I |
| Respondent, | ) | DIVISION ONE |
| v. | ) | |
| JAMES ARTHUR BATTLE, | ) | UNPUBLISHED |
| Appellant. | ) | FILED: June 17, 2013 |

COX, J. – James Battle appeals an order correcting the sentence he received for delivery of cocaine. He contends the court's upward correction of the statutory maximum violated double jeopardy principles. Because we adhere to our decision in In re Personal Restraint of Hopkins,[1] and because Battle had no legitimate expectation of finality in his sentence after he collaterally attacked it, we reject his double jeopardy claim. Battle's pro se arguments are beyond the scope of the superior court's decision and the scope of our review. Accordingly, we affirm.

In 2007, a jury convicted Battle of delivery of cocaine. The court sentenced him to 114 months confinement and 9 to 12 months of community custody. The judgment and sentence listed the maximum term for the offense as 10 years. Battle appealed and this court affirmed.

---

[1] 89 Wn. App. 198, 200-03, 948 P.2d 394 (1997).

Battle subsequently filed several personal restraint petitions challenging his conviction and sentence. In his most recent petition, Battle argued that the combined term of 114 months and 9 to 12 months of community custody exceeded the 10-year statutory maximum stated on his judgment and sentence. The State pointed out that under RCW 69.50.408, Battle's prior drug offenses doubled the statutory maximum to 20 years. The State therefore asked this court to remand to correct the judgment and sentence. The Acting Chief Judge agreed that Battle's prior offenses "automatically doubled the statutory maximum term for the current offense as a matter of law" but dismissed the petition because he had not shown that his sentence will exceed even the undoubled 10-year statutory maximum.

Battle sought discretionary review in the Washington Supreme Court. The Supreme Court Commissioner concluded the judgment and sentence contained a facial error because it imposed "a total term of confinement and community custody that potentially exceeds the stated maximum sentence." But the Commissioner rejected Battle's argument that he was entitled to a reduction of his sentence to comport with the 10-year maximum stated on the judgment and sentence:

> [Battle] urges that the doubling called for by RCW 69.50.408 is discretionary, and that here the superior court exercised its discretion against doubling. This argument is clearly meritless. The superior court retains its discretion to set a term within the standard range (which is not doubled), but the absolute maximum sentence that the court may impose

is automatically doubled. In other words, the statute creates a new statutory maximum.[2]

The Commissioner denied the motion for discretionary review "on the condition that within 60 days of this ruling the State obtain and file in this court an amended judgment and sentence stating the correct maximum sentence." Battle moved to modify the Commissioner's ruling and a Department of the Supreme Court denied his motion.

The State then obtained an order from the superior court amending Battle's judgment and sentence to reflect a statutory maximum term of 20 years. Battle appeals that order.

## DOUBLE JEOPARDY

Battle contends the upward correction of his statutory maximum violated double jeopardy principles. We review alleged double jeopardy violations de novo.[3]

The double jeopardy clauses of our state and federal constitutions prohibit multiple punishments for the same offense.[4] Resentencing to increase an erroneous sentence generally does not violate this prohibition,[5] but resentencing to increase a *correct* sentence does.[6] Battle contends the maximum sentence listed in his original sentence was correct and could not be increased without violating double jeopardy. He acknowledges that his maximum sentence could

---

[2] Brief of Respondent at 4-5.
[3] State v. Jackman, 156 Wn.2d 736, 746, 132 P.3d 136 (2006).
[4] State v. Mutch, 171 Wn.2d 646, 661, 254 P.3d 803, 814 (2011).
[5] Id. at 666.
[6] State v. Hardesty, 129 Wn.2d 303, 310, 915 P.2d 1080 (1996).

be doubled under RCW 69.50.408, but contends such doubling was discretionary, not mandatory. Therefore, he concludes that his original sentence was not erroneous and its correction violated double jeopardy. We disagree.

Battle's interpretation of RCW 69.50.408 is at odds with our decision in In re Personal Restraint of Hopkins.[7] There, we concluded that RCW 69.50.408 is not discretionary and "automatically doubles the statutory maximum sentence for convictions under RCW 69.50[.]"[8] We reached that conclusion after comparing RCW 69.50.408 with other similar statutes and considering the policies reflected in amendments to RCW 69.50.[9] Battle asks us to revisit our holding in Hopkins, arguing that our reasoning was flawed. We decline to do so for several reasons.

First, in a case cited by the State but ignored by Battle, the supreme court held that "RCW 69.50.408 doubles the maximum sentence."[10] Comparing RCW 69.50.408 with another statute, the supreme court found "strong evidence that the legislature meant both statutes to have the same effect – the effect of doubling the statutory maximum sentence."[11] Although the court did not expressly address whether the doubling of the maximum sentence is automatic or discretionary, it cited Hopkins with approval and its language strongly supports our holding in Hopkins that the doubling is automatic.[12] Significantly, the

---

[7] 89 Wn. App. 198, 200-03, 948 P.2d 394 (1997).
[8] Id. at 203.
[9] Id. at 200-02.
[10] In re Personal Restraint of Cruz, 157 Wn.2d 83, 90, 134 P.3d 1166 (2006).
[11] Id.
[12] See State v. Roy, 147 Wn. App. 309, 315, 195 P.3d 967 (2008) (citing Cruz and stating that "[t]he maximum sentence available remained double the initial maximum sentence, whether the judge chose to impose it or not.").

Supreme Court Commissioner's ruling in Battle's personal restraint petition, which the supreme court declined to modify, relied on Cruz in concluding that the statute "automatically" doubles a maximum sentence.

Second, Battle's claim that Hopkins misinterprets the Legislature's intent overlooks the presumption that the legislature is aware of judicial interpretations of its enactments and that its failure to amend a statute following a judicial interpretation indicates its acquiescence in that interpretation.[13] The Legislature's silence following Hopkins supports our adherence to it here.

Battle argues alternatively that even if his original sentence was incorrect, the court violated double jeopardy in correcting it because he had "a legitimate expectation of finality in its terms." But a defendant who seeks review of a sentence cannot claim an expectation of finality.[14] Having employed the review process of a personal restraint petition to request resentencing, Battle was on notice that his sentence could be altered and even increased. Because Battle had no legitimate expectation of finality, there was no double jeopardy violation when the trial court corrected his maximum term.

Battle has filed a pro se Statement of Additional Grounds for review in which he collaterally attacks his conviction and sentence. These claims are

---

[13] City of Federal Way v. Koenig, 167 Wn.2d 341, 348, 217 P.3d 1172 (2009) ("This court presumes that the legislature is aware of judicial interpretations of its enactments and takes its failure to amend a statute following a judicial decision interpreting that statute to indicate legislative acquiescence in that decision.").

[14] See State v. Larson, 56 Wn. App. 323, 329, 783 P.2d 1093 (1989); Hardesty, 129 Wn.2d at 312-13.

outside the scope of the superior court's order, which simply corrected the judgment and sentence. They are therefore beyond the scope of our review.[15]

We affirm the judgment and sentence.

_Cox, J._

WE CONCUR:

_Leach, C.J._

_Dwyer, J._

---

[15] See State v. Parmelee, 172 Wn. App. 899, 905-06, 292 P.3d 799 (2013) (because offender score issue was not considered by supreme court when it decided personal restraint petition and remanded to the superior court on other grounds, and because offender score issue was not considered by superior court on remand, issue was not properly before court of appeals on appeal from remand); State v. Kilgore, 167 Wn.2d 28, 38-42, 216 P.3d 393 (2009) (where trial court on remand from a first appeal exercises no independent judgment and simply corrects a judgment and sentence, there are no new appealable issues to raise on appeal of the corrected sentence) (citing State v. Barberio, 121 Wn.2d 48, 50-51, 846 P.2d 519 (1993)).