# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50912-1-II |
| Appellant, | |
| vs. | PUBLISHED OPINION |
| JOHNNY RAY CYR, | |
| Respondent. | |

MAXA, C.J. – The State appeals Johnny Ray Cyr's 60-month sentence for his convictions under RCW 69.50.410(1) of three counts of sale of a controlled substance for profit, heroin.

Under the drug sentencing grid in the Sentencing Reform Act (SRA), the standard range sentence for Cyr's conviction ordinarily would be 68+ to 100 months. RCW 9.94A.517(1). But the violation of RCW 69.50.410(1) is a class C felony with a maximum sentence of 60 months. The State argues that the maximum sentence must be automatically doubled to 120 months under RCW 69.50.408(1), which states, "Any person convicted of a second or subsequent offense under [chapter 69.50 RCW] may be imprisoned for a term up to twice the term otherwise authorized." The State claims that because Cyr had a previous conviction under chapter 69.50 RCW, the trial court was required to sentence him within the SRA standard range.

Cyr argues that the trial court had discretion whether to treat 60 months as the maximum sentence or to double the maximum sentence under RCW 69.50.408. In addition, RCW 69.50.410(2)(a) provides that a person convicted under RCW 69.50.410(1) "shall receive a

sentence of not more than five years." Cyr claims that RCW 69.50.410(2)(a) limited Cyr's sentence to 60 months regardless of the RCW 69.50.408 doubling provision. The trial court agreed with Cyr that its sentencing authority was limited to 60 months.

We hold that (1) because Cyr had a previous conviction under chapter 69.50 RCW, RCW 69.50.408 automatically doubled the maximum sentence and the trial court did not have discretion to treat 60 months as the maximum sentence; (2) the provision in RCW 69.50.410(2)(a) that the maximum sentence for Cyr's conviction was 60 months places a limitation on application of the SRA sentencing grid, but RCW 69.50.408 applies to double that maximum 60-month sentence; and (3) the trial court erred in ruling that Cyr's maximum sentence was 60 months and in failing to sentence Cyr within the SRA standard range. Accordingly, we vacate Cyr's sentence and remand for the trial court to exercise its discretion in sentencing Cyr within the standard range in light of the doubled statutory maximum of 120 months.

## FACTS

The State charged Cyr with three counts of sale of a controlled substance for profit, heroin, in violation of RCW 69.50.410(1). Cyr pleaded guilty to all three counts. Cyr stipulated to an offender score of 5 and a criminal history that included a 2015 conviction for attempted possession of an imitation controlled substance, a violation of chapter 69.50 RCW.[1] Both parties apparently agreed that the SRA drug sentencing grid set the standard range for Cyr's offender score at 68+ to 100 months. But if the doubling provision of RCW 69.50.408 did not apply, the

---

[1] Cyr also had a misdemeanor conviction for possession of marijuana in municipal court. The State claims that this conviction was under chapter 69.50 RCW, but the record does not state the statutory basis of the conviction. Therefore, we do not treat the marijuana possession conviction as a previous conviction under chapter 69.50 RCW.

statutory maximum sentence for Cyr's convictions was 60 months. This is because violation of

RCW 69.50.410(1) is a class C felony with a maximum sentence of 60 months and because

RCW 69.50.410(2)(a) limited the sentence to 60 months.

The trial court acknowledged that the maximum sentence for Cyr's convictions under

RCW 69.50.410(1) could be doubled under RCW 69.50.408. But the court determined that

RCW 69.50.410(2)(a) directs courts to impose no more than 60 months for a first conviction of

sale of a controlled substance for profit.[2] Therefore, on the judgment and sentence the court

stated that the sentencing range for Cyr's convictions was 60 to 60 months and the maximum

sentence was 60 months. The court sentenced Cyr to 60 months on each count, to run

concurrently.

The State appeals Cyr's sentence.

## ANALYSIS

A.     STANDARD SENTENCE RANGE UNDER THE SRA

The SRA contains sentencing grids that calculate a sentence range for offenders

according to their offender score and the "seriousness level" of their offense. RCW 9.94A.510,

.517. But "[t]he maximum term of confinement in a range may not exceed the statutory

maximum for the crime as provided in RCW 9A.20.021." RCW 9.94A.506(3).

RCW 9.94A.517 provides a special sentencing grid for drug offenders. The parties

agreed that Cyr's offender score was 5. The sale of a controlled substance for profit, the crime

defined in RCW 69.50.410(1), has a seriousness level of three. RCW 9.94A.518. Under the

drug sentencing grid, a defendant with an offender score of 5 who is convicted of an offense with

---

[2] Cyr had no prior conviction of sale of a controlled substance for profit in violation of RCW 69.50.410(1).

a seriousness level of three has a standard sentence range between 68+ and 100 months. RCW 9.94A.517(1).

However, selling a controlled substance for profit under RCW 69.50.410(1) – for which Cyr was convicted – is a class C felony. RCW 69.50.410(1). The maximum penalty for a class C felony under the SRA is five years confinement. RCW 9A.20.021(1)(c). The SRA accounts for the situation in which the standard sentence range exceeds the statutory maximum. *See State v. Clark*, 123 Wn. App. 515, 521, 94 P.3d 335 (2004). "If the presumptive sentence duration given in the sentencing grid exceeds the statutory maximum sentence for the offense, the statutory maximum sentence shall be the presumptive sentence." RCW 9.94A.599. Therefore, Cyr's presumptive sentence under the SRA would be 60 months rather than within the standard range of 68+ to 100 months.

B.      APPLICABILITY OF RCW 69.50.408 DOUBLING PROVISION

The parties agree that Cyr had a previous conviction under chapter 69.50 RCW and therefore that RCW 69.50.408 potentially applies. The State argues that RCW 69.50.408 automatically doubles the statutory maximum when the defendant is convicted of a subsequent offense under chapter 69.50 RCW, and therefore that Cyr must be sentenced within the standard range. Cyr contends that the trial court has discretion to decide whether to double the statutory maximum. We agree with the State.

1.      Legal Principles

RCW 69.50.408(1) states, "Any person convicted of a second or subsequent offense under [chapter 69.50 RCW] may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both." An offense is a second or subsequent offense if, "prior to his or her conviction of the offense, the offender has at

any time been convicted under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs." RCW 69.50.408(2).[3]

RCW 69.50.408(1) doubles only the maximum sentence that can be imposed for a second violation of chapter 69.50 RCW, not the standard sentence range. *In re Pers. Restraint of Cruz*, 157 Wn.2d 83, 90, 134 P.3d 1166 (2006).

Resolution of this issue depends upon the interpretation of RCW 69.50.408. "Statutory interpretation is a question of law that we review de novo." *State v. Van Noy*, 3 Wn. App. 2d 494, 497, 416 P.3d 751 (2018). The primary goal of statutory interpretation is to determine the legislature's intent. *Id.* at 498. To determine the legislature's intent, we first look to the plain language of the statute, considering the language of the provisions in question, how the provisions fit within the context of the statute, and the statutory scheme as a whole. *Id.*

2.  Automatic Doubling

The issue here is whether RCW 69.50.408 automatically doubles the maximum sentence for a second violation of chapter 69.50 RCW or whether it is within the trial court's discretion to apply the statute to double the maximum sentence.

The plain language of RCW 69.50.408(1) compels the conclusion that the doubling of the statutory maximum sentence is automatic rather than discretionary. If a defendant "may be imprisoned for a term up to twice the term otherwise authorized," RCW 69.50.408(1), by definition twice the term otherwise authorized is the maximum sentence for a second violation of

---

[3] RCW 69.50.408(3) states, "This section does not apply to offenses under RCW 69.50.4013," which statute involves possession of controlled substances. But although RCW 69.50.408(3) states that *current* possession offenses cannot be doubled, that subsection does not prevent *prior* possession convictions from providing the basis for doubling of the maximum sentence under RCW 69.50.408(1). *State v. McGrew*, 156 Wn. App. 546, 556-57, 234 P.3d 268 (2010).

chapter 69.50 RCW. And use of the term "may" in RCW 69.50.408(1) means that the trial court has discretion whether to *impose* a sentence equal to the new maximum, not that the trial court has discretion whether to double the maximum sentence.

In *In re Personal Restraint of Hopkins*, Division One of this court expressly held that RCW 69.50.408(1) is not discretionary and instead automatically doubles the maximum sentence. 89 Wn. App. 198, 201, 201-03, 948 P.2d 394 (1997), *rev'd on other grounds*, 137 Wn.2d 897 (1999). The court stated,

> [W]e hold that RCW 69.50.408 is neither discretionary nor a sentence enhancement but rather a provision that automatically doubles the statutory maximum sentence for convictions under RCW 69.50 when the defendant had a prior conviction under that statute.

*Id.* at 203.[4]

Subsequent cases include language that is consistent with this holding. In *State v. O'Neal*, this court stated that "RCW 69.50.408 doubles the maximum length of time for which the offender may be confined, *thereby defining a new statutory maximum*." 126 Wn. App. 395, 429, 109 P.3d 429 (2005) (emphasis added), *aff'd*, 159 Wn.2d 500, 150 P.3d 1121 (2007). In *State v. Roy*, Division Three stated, "A judge is not required to impose a double sentence, but the option is available to him or her under RCW 69.50.408(1)." 147 Wn. App. 309, 315, 195 P.3d 967 (2008).[5] And the Supreme Court in *Cruz* stated that the legislature meant RCW 69.50.408 to have "the effect of doubling the statutory maximum sentence." 157 Wn.2d at 90.

---

[4] On review in *Hopkins*, the Supreme Court reversed on other grounds. 137 Wn.2d 897, 976 P.2d 616 (1999). The court noted that because of its disposition, it did not need to address Division One's characterization of RCW 69.50.408. *Id.* at 900 n.2.

[5] The court in *Roy* did not address whether the doubling was automatic because a court commissioner already had ruled as the law of the case that the trial court did not have discretion to decide whether to double the maximum sentence. 147 Wn. App. at 315.

However, after noting that RCW 69.50.408 creates a new statutory maximum sentence, this court in *O'Neal* stated, "A trial court has discretion to utilize the doubling provision of RCW 69.50.408." 126 Wn. App. at 429. The court acknowledged that this statement was contrary to Division One's holding in *Hopkins*. *Id.* at 429 n.27.

It appears that the court in *O'Neal* conflated the trial court's discretion to *impose* a particular sentence within the doubled statutory maximum with the trial court's lack of discretion regarding the automatic doubling of the statutory maximum. The court in *O'Neal* cited as authority *State v. Mayer*, 120 Wn. App. 720, 727, 86 P.3d 217 (2004). *O'Neal*, 126 Wn. App. at 429. But *Mayer* did not hold that the trial court had discretion whether to double the statutory maximum fine. Instead, the court in *Mayer* held that the trial court had discretion whether to *actually impose* the doubled fine as opposed to a lesser fine. 120 Wn. App. at 727.

We adopt the holding in *Hopkins* and disregard the court's statement in *O'Neal*. We hold that under RCW 69.50.408(1), the doubling of the statutory maximum sentence is automatic. But as the court stated in *Roy*, the trial court is not required to *impose* the maximum sentence. 147 Wn. App. at 315. The trial court's discretion involves what sentence to actually impose within the doubled maximum and the standard range.

C.      EFFECT OF RCW 69.50.410(2)(a) LIMITATION

RCW 69.50.410(2)(a) states that a person convicted of a violation of RCW 69.50.410(1) "shall receive a sentence of not more than five years in a correctional facility" for a first offense. Cyr argues that regardless of the standard range derived from the SRA sentencing grid and regardless of any doubling under RCW 69.50.408, RCW 69.50.410(2)(a) controls his sentence and establishes that he cannot be sentenced to more than 60 months. We disagree.

1.    Conflict Between the SRA and RCW 69.50.410(2)(a)

The SRA provides that "[w]hen a person is convicted of a felony, the court shall impose punishment as provided in this chapter." RCW 9.94A.505(1). Further, the trial court generally must impose a sentence within the standard sentence range established by the SRA's sentencing grids. RCW 9.94A.505(2)(a)(i). As noted above, the drug sentencing grid establishes a standard range of 68+ to 100 months for Cyr's offense. RCW 9.94A.517(1). These provisions appear to conflict with the 60-month limitation in RCW 69.50.410(2)(a), which is outside the SRA.

When two statutes appear to conflict, the rules of construction direct us to, if possible, reconcile them so as to give effect to both provisions. *State v. Rice*, 159 Wn. App. 545, 571, 246 P.3d 234 (2011), *aff'd on other grounds*, 174 Wn.2d 884, 279 P.3d 849 (2012). Relevant here, RCW 9.94A.505 contains an exception to the application of the SRA sentencing grids. RCW 9.94A.505(2)(a)(i) states that the trial court must apply the sentencing grids "[u]nless another term of confinement applies." We reconcile RCW 9.94A.505(1) and RCW 69.50.410(2)(a) by concluding that RCW 69.50.410(2)(a) constitutes "another term of confinement" under RCW 9.94A.505(2)(a)(i) for first time convictions under RCW 69.50.410(1).

Reading RCW 9.94A.505 and RCW 69.50.410(2)(a) together, an offender convicted for the first time under RCW 69.50.410(1) must be sentenced within the SRA statutory range except that the sentence cannot exceed 60 months.[6]

---

[6] We recognize that our reading of the two statutes differs from the unpublished opinion of Division One of this court in *State v. Heckl*, No. 73932-8-I (Wash. Ct. App. Nov. 9, 2015) (unpublished), http://www.courts.wa.gov/opinions/pdf/739328.pdf. In that case, Division One held that the SRA superseded the earlier enacted RCW 69.50.410(2)(a). *Id.* at 4. However, the court in *Heckl* did not attempt to reconcile RCW 9.94A.505 and RCW 69.50.410(2)(a) and did not address the "[u]nless another term of confinement applies" language in RCW 9.94A.505(2)(a)(i).

2.    Doubling of RCW 69.50.410(2)(a) Maximum

Cyr appears to assume that the RCW 69.50.408 doubling provision applies only to the statutory maximum sentence for a class C felony and does not affect the provision in RCW 69.50.410(2)(a) that an offender convicted for the first time under RCW 69.50.410(1) can be sentenced to no more than 60 months. We disagree.

As noted above, RCW 69.50.408(1) states that an offender convicted of a second or subsequent offense under chapter 69.50 RCW "may be imprisoned for a term up to twice the term otherwise authorized." RCW 69.50.410(2)(a) authorizes a sentencing court to impose a sentence of no more than 60 months on an offender convicted for the first time under RCW 69.50.410(1).

The issue here is whether the maximum sentence established in RCW 69.50.410(2)(a) is a "term otherwise authorized" subject to doubling under RCW 69.50.408. We conclude that it is. We see no reason to treat the maximum sentence in RCW 69.50.410(2)(a) differently than any other statutory maximum. *See* RCW 9.94A.030(50) (stating that the statutory maximum can be prescribed in any statute defining the maximum penalty for a crime). Accordingly, we hold that the 60-month maximum under RCW 69.50.410(2)(a) is doubled under RCW 69.50.408 for a second conviction under chapter 69.50 RCW.

D.    IMPOSITION OF STANDARD RANGE SENTENCE

Under RCW 69.50.408, Cyr's maximum sentence was 120 months – double the maximum of 60 months stated in RCW 69.50.410(2)(a). Cyr's standard sentence range under the SRA drug sentencing grid in RCW 9.94A.517(1) was between 68+ and 100 months. Following the automatic doubling, the standard range no longer exceeded the limitation in RCW 69.50.410(2)(a) and 60 months no longer was the presumptive sentence. Therefore, under the

No. 50912-1-II

SRA the trial court was required to sentence Cyr within that standard range.  RCW
9.94A.505(2)(a)(i).

Here, the trial court sentenced Cyr to 60 months in confinement.  That sentence was
below the SRA standard range, which was within the doubled statutory maximum.  Therefore,
the court erred in imposing the sentence.  On remand, the court must sentence Cyr within the
standard range.  The court will have discretion regarding the sentence actually imposed within
that range.

## CONCLUSION

We vacate Cyr's sentence and remand for the trial court to exercise its discretion in
sentencing Cyr within the standard range in light of the doubled statutory maximum of 120 months.

MAXA, C.J.

We concur:

WORSWICK, J.

GLASGOW, J.

10