# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52907-6-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| CHARLES DANIEL BOWMAN, aka DANIEL CHARLES BOWMAN | |
| Appellant. | |

MAXA, C.J. – Charles Bowman appeals his sentence for possession of methamphetamine with intent to deliver in violation of RCW 69.50.401(1). He argues that the combination of the 120 month term of confinement and 12 month term of community custody exceeded the 10 year statutory maximum set out in RCW 69.50.401(2)(b). Bowman also appeals the imposition of certain legal financial obligations (LFOs) based on the 2018 amendments to the LFO statutes.

The State concedes that Bowman's sentence exceeds the statutory maximum. But we do not accept the State's concession. Because Bowman had two prior convictions under chapter 69.50 RCW, under RCW 69.50.408(1) the trial court doubled Bowman's maximum sentence to 240 months. Bowman's term of confinement plus community custody was well within the *doubled* statutory maximum.

The State also concedes that the court appointed attorney fees, drug enforcement fund fee, crime lab fee, criminal filing fee, and DNA collection fee must be stricken. We accept this concession.

Accordingly, we affirm Bowman's sentence but remand for the trial court to strike the challenged LFOs.

FACTS

In February 2017, Bowman pleaded guilty to possession of methamphetamine with intent to deliver.[1] In his guilty plea statement, Bowman acknowledged that the statutory maximum sentence for his conviction was 20 years. Bowman's offender score was 14. He had two prior felony convictions under the Uniform Controlled Substances Act, chapter 69.50.

The trial court noted on the judgment and sentence that the standard range sentence for Bowman's offense was 60 to 120 months. The court listed the statutory maximum sentence as 20 years, including a note that "[m]aximum is doubled as a 'subsequent' offense under RCW 69.50.408." Clerk's Papers at 29.

The trial court sentenced Bowman to 120 months of confinement and 12 months of community custody. The court also ordered Bowman to pay LFOs, including $575 for court appointed attorney fees, $500 for a drug enforcement fund, a $100 crime lab fee, a $200 criminal filing fee, and a $100 DNA collection fee.

The record does not reflect that the trial court considered Bowman's ability to pay before imposing discretionary LFOs or determined whether he was indigent. The court later entered an order of indigency for purposes of appeal.

---

[1] Bowman also pleaded guilty to attempting to elude a police vehicle and second degree possession of a firearm, but he does not challenge the sentences for those convictions.

Bowman appeals his sentence and the imposition of certain LFOs.

ANALYSIS

A.    LENGTH OF SENTENCE

Bowman argues that the trial court erred by imposing a total sentence of 132 months –

120 months confinement with 12 months of community custody – for his conviction, which

exceeded the statutory maximum of 10 years for possession of methamphetamine with intent to

deliver. We disagree because the trial court doubled the maximum sentence as authorized by

RCW 69.50.408(1).

A trial court errs when it imposes a total term of confinement and community custody

exceeding the statutory maximum. *State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2012).

The trial court shall reduce the community custody term "whenever an offender's standard range

term of confinement in combination with the term of community custody exceeds the statutory

maximum . . . ." RCW 9.94A.701(9).

Possession of methamphetamine with intent to deliver is a class B felony with a statutory

maximum sentence of 10 years imprisonment. RCW 69.50.401(2)(b).[2] Bowman's argument and

the State concession that Bowman's total sentence of 132 months was unauthorized was based

on that statutory maximum.

However, RCW 69.50.408(1) states, "Any person convicted of a second or subsequent

offense under [chapter 69.50 RCW] may be imprisoned for a term up to twice the term otherwise

authorized . . . ." This statute doubles the maximum sentence that can be imposed for a second

violation of chapter 69.50 RCW. *State v. Cyr*, 8 Wn. App. 2d 834, 839, 441 P.3d 1238, *review*

---

[2] RCW 69.50.401was amended in 2019, but that amendment is not material to this case.
Therefore, we cite to the current version of the statute.

*granted*, 194 Wn.2d 1001 (2019); *see also In re Pers. Restraint of Cruz*, 157 Wn.2d 83, 90, 134 P.3d 1166 (2006).

Here, Bowman had two prior felony convictions under chapter 69.50 RCW.  Therefore, under RCW 69.50.408(1) the statutory maximum sentence doubled from 10 years to 20 years. Bowman acknowledged this doubled statutory maximum in his guilty plea statement, and the trial court noted the doubled statutory maximum in the judgment and sentence.

The trial court imposed a total sentence of 132 months.  Although that sentence exceeded the "normal" 10 year statutory maximum for possession of methamphetamine with intent to deliver, it was well within the doubled statutory maximum of 20 years.  Accordingly, we affirm the trial court's sentence.

B.      IMPOSITION OF LFOS

Bowman argues, and the State concedes, that the imposition of the court appointed attorney fees, drug enforcement fund fee, crime lab fee, criminal filing fee, and DNA collection fee must be stricken from the judgment and sentence.  We agree.

In 2018, the legislature amended (1) RCW 10.01.160(3), which now prohibits imposition of discretionary LFOs on a defendant who is indigent as defined in RCW 10.101.010(3)(a)-(c); (2) RCW 36.18.020(2)(h), which now prohibits imposing the criminal filing fee on a defendant who is indigent as defined in RCW 10.101.010(3)(a)-(c); and (3) RCW 43.43.7541, which establishes that the DNA collection fee is no longer mandatory if the offender's DNA previously has been collected because of a prior conviction.  These amendments apply prospectively to cases pending on direct appeal.  *State v. Ramirez*, 191 Wn.2d 732, 749-50, 426 P.3d 714 (2018).

Under RCW 10.101.010(3)(a)-(c), a person is "indigent" if he or she receives certain types of public assistance, is involuntarily committed to a public mental health facility, or

4

receives an annual after tax income of 125 percent or less of the current federally established poverty level. The record is unclear whether the trial court found Bowman indigent based on the definitions in RCW 10.101.010(3)(a)-(c). Nevertheless, the State does not oppose striking the court appointed attorney fees, drug enforcement fund fee, crime lab fee, and criminal filing fee based on Bowman's indigency. Therefore, under the current versions of RCW 10.01.160(3) and RCW 36.18.020(2)(h), these LFOs must be stricken.

In addition, the State's records show that Bowman's DNA previously was collected because of a prior conviction. Therefore, under the current version of RCW 43.43.7541, the DNA collection fee imposed on Bowman must be stricken.

CONCLUSION

We affirm Bowman's sentence, but we remand for the trial court to strike the court appointed attorney fees, drug enforcement fund fee, crime lab fee, criminal filing fee, and DNA collection fee from the judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, C.J.

We concur:

_____
WORSWICK, J.

_____
SUTTON, J.

5