IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36568-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| WILLIAM JOHN WRIGHT, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — William John Wright appeals a trial court order issued under

CrR 7.8, correcting the maximum term of incarceration identified on his judgment and

sentence. We affirm.

FACTS

In 2015, a jury convicted Mr. Wright of possession with intent to deliver a

controlled substance (methamphetamine), in violation of RCW 69.50.401(1), (2)(b).[1]

This offense is generally characterized as a class B felony with a maximum term of

imprisonment of 10 years. RCW 69.50.401(2)(b). However, the maximum penalty is

doubled if the defendant has a prior controlled substances conviction. RCW 69.50.408.

---

[1] Mr. Wright was also convicted of four counts' of possession of a stolen motor
vehicle.

Mr. Wright's methamphetamine conviction resulted in a sentence of 120 months' imprisonment, followed by 12 months' community custody. The judgment and sentence noted Mr. Wright had several prior felony convictions under Washington's Uniform Controlled Substances Act, chapter 69.50 RCW.[2] Nevertheless, the judgment and sentence stated the statutory maximum penalty for Mr. Wright's methamphetamine conviction was 10 years, not 20.

Approximately 3 years after sentencing, Mr. Wright filed a CrR 7.8 motion to amend his sentence. He argued his sentence was unlawful because the combined term of imprisonment and community custody exceeded the 10-year statutory maximum sentence. The State disagreed with Mr. Wright's position. Because Mr. Wright had several prior felony drug convictions, the State argued Mr. Wright's maximum term was 20 years, not 10. According to the State, the 10-year maximum listed in the judgment and sentence was a clerical error meriting correction under CrR 7.8, but it did not warrant an adjustment of the sentence.

The trial court agreed with the State. It amended the judgment and sentence to accurately reflect the true maximum penalty for Mr. Wright's offense, noting this was a technical correction under CrR 7.8(a).

---

[2] Mr. Wright stipulated to the accuracy of his prior record.

No. 36568-9-III
*State v. Wright*

Mr. Wright appeals.

ANALYSIS

RCW 69.50.408 is a recidivism provision that doubles the statutory maximum term of imprisonment for controlled substance violations for defendants with one or more prior controlled substance convictions.[3] The impact of RCW 69.50.408 is automatic; it does not require any discretionary actions by the sentencing judge. *State v. Cyr*, No. 97323-7, slip op. at 15-17 (Wash. Apr. 16, 2020), https://www.courts.wa.gov/opinions/pdf/973237.pdf. Thus, if a judgment and sentence erroneously fails to note RCW 69.50.408's impact on a defendant's maximum term of incarceration, a trial court has authority to later correct the judgment and sentence under CrR 7.8(a) ("Clerical mistakes in judgments . . . may be corrected by the court at any time of its own initiative or on the motion of any party."). *See State v. Roy*, 147 Wn. App. 309, 315, 195 P.3d 967 (2008) ("Because [the defendant] has many prior drug convictions, our commissioner properly remanded for amendment of the maximum term to 20 years.").

The trial court here appropriately exercised its authority to correct the maximum term of imprisonment listed on Mr. Wright's judgment and sentence. Because this

---

[3] The statute doubles a defendant's statutory maximum sentence, not the standard range penalty under the Sentencing Reform Act of 1981, chapter 9.94A RCW. *In re Pers. Restraint of Cruz*, 157 Wn.2d 83, 90, 134 P.3d 1166 (2006).

3

correction was a ministerial act, it did not amount to resentencing and therefore did not raise any concerns regarding double jeopardy[4] or finality. *See State v. Ramos*, 171 Wn.2d 46, 49, 246 P.3d 811 (2011). Mr. Wright retains the same sentence that was originally imposed in 2015.

## CONCLUSION

The order on appeal is affirmed. The State's request for costs is denied.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Andrus, J.[5]

---

[4] U.S. CONST. amend. V; WASH. CONST. art. I, § 9.

[5] The Honorable Beth Andrus is a Court of Appeals, Division One, judge sitting in Division Three under CAR 21(a).

4