**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
APRIL 16, 2020

CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
APRIL 16, 2020

SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 97323-7 |
| Respondent, | ) | |
| | ) | |
| v. | ) | En Banc |
| | ) | |
| JOHNNY RAY CYR, | ) | |
| | ) | Filed: April 16, 2020 |
| Petitioner. | ) | |

YU, J.— This case requires us to determine the statutory maximum sentence for petitioner Johnny Ray Cyr's three convictions for selling a controlled substance (heroin) for profit. We hold that if Cyr has a prior conviction for violating the Uniform Controlled Substances Act (UCSA), ch. 69.50 RCW, "or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs," then his statutory maximum sentence is 120 months. RCW 69.50.408(2). In that case, he must be sentenced within the standard range provided by the Sentencing Reform Act of 1981 (SRA),

ch. 9.94A RCW. However, it is not clear from the record whether Cyr has such a prior qualifying conviction. We therefore remand to the trial court to address that question and, depending on the answer, to conduct further proceedings as directed by this opinion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 24, 2017, Cyr pleaded guilty to three counts of sale of a controlled substance (heroin) for profit in violation of RCW 69.50.410(1). Cyr stipulated to his prior convictions and to his offender score of 5. Based on his convictions and offender score, the standard sentence range provided by the SRA is 68+ to 100 months.[1] RCW 9.94A.517(1). The parties dispute whether the SRA standard range applies to Cyr—the State contends it does, while Cyr contends it does not.

Cyr relies on RCW 69.50.410(2)(a), which provides, "Any person convicted of a violation of [RCW 69.50.410(1)] shall receive a sentence of not more than five years . . . for the first offense." Cyr has no previous convictions for selling a controlled substance for profit, and it is undisputed that in this context, his current convictions are not considered prior convictions as to each other. *See* RCW 69.50.408(2), .410(2)(b), (3)(b). Cyr therefore requested a sentence of "no more than the 60 month maximum." Clerk's Papers (CP) at 38.

---

[1] 68+ means 68 months plus one day. *See* RCW 9.94A.517(1).

The State does not dispute that Cyr's maximum sentence would ordinarily be 60 months. However, the State points to RCW 69.50.408(1), which provides, "Any person convicted of a second or subsequent offense under [the UCSA] may be imprisoned for a term up to twice the term otherwise authorized." It is undisputed that Cyr has prior convictions for attempted possession of an imitation controlled substance and possession of marijuana. The State therefore contends that Cyr's statutory maximum sentence automatically doubled from 60 months to 120 months, and accordingly requested a standard-range sentence of 90 months on each count.

Prior to accepting Cyr's guilty plea, the court noted the parties' dispute for the record and asked Cyr whether he wanted to plead guilty even though the court might ultimately agree with the State on the sentencing issue. Cyr confirmed that he did and that he understood his standard sentence range was "68 to 100 months." Verbatim Tr. of Proceedings (VTP) (July 24, 2017) at 5. The court found that Cyr's guilty pleas were "knowingly, intelligently, and voluntarily made" and that he had "a full understanding of the nature of these offenses and the consequences to pleading guilty." *Id.* at 9.

Following briefing and oral argument, the sentencing court ruled that Cyr's statutory maximum sentence is 60 months. The court recognized that RCW 69.50.408(1) "does allow for the doubling of the statutory maximum," but it

applied "the rule of lenity" to conclude that RCW 69.50.410 "directs the court not to impose more than five years in this case." VTP (Aug. 23, 2017) at 30-31. Because five years (60 months) is below the SRA standard sentence range, the court determined that Cyr's "standard sentencing range" is "60 to 60." *Id.* at 31. Cyr was therefore given concurrent 60-month terms for each conviction.

On the State's appeal, the Court of Appeals held that "[t]he plain language of RCW 69.50.408(1) compels the conclusion that the doubling of the statutory maximum sentence is automatic," so "Cyr's maximum sentence was 120 months." *State v. Cyr*, 8 Wn. App. 2d 834, 840, 844, 441 P.3d 1238 (2019). The court therefore "remand[ed] for the trial court to exercise its discretion in sentencing Cyr within the standard range." *Id.* at 844. We granted Cyr's petition for review and accepted an amicus brief from the Washington Association of Criminal Defense Lawyers (WACDL).

## ISSUES

A.     If Cyr has a prior qualifying conviction for purposes of RCW 69.50.408, must he be sentenced within the SRA standard range?

B.     Does Cyr have a prior qualifying conviction?

## STANDARD OF REVIEW

The sentencing court's decision was based on its determination that RCW 69.50.410 "directs the court not to impose more than five years in this case," such

4

that Cyr's "standard sentencing range" is "60 to 60." VTP (Aug. 23, 2017) at 30-31. The question before us is whether the court's statutory interpretation was correct. "Statutory interpretation is a question of law that this court reviews de novo." *In re Pers. Restraint of Cruz*, 157 Wn.2d 83, 87, 134 P.3d 1166 (2006).

ANALYSIS

A.    Overview of felony sentencing procedures

Cyr's sentence is governed by statutes in two different chapters of the RCW, the SRA and the UCSA. Harmonizing these statutes is complicated by the fact that the UCSA predates the SRA by 10 years. *See* LAWS OF 1971, 1st Ex. Sess., ch. 308. As a result, some UCSA statutes, including the ones at issue here, contain sentencing provisions that were enacted in the context of Washington's prior indeterminate sentencing scheme. *See id.* § 69.50.408; LAWS OF 1973, 2d Ex. Sess., ch. 2, § 2.

Such provisions remain in effect today, and the legislature has not yet amended the statutory language to reflect the determinate sentencing scheme now provided by the SRA. *See* RCW 69.50.408, .410; *Cruz,* 157 Wn.2d at 88. Nevertheless, UCSA violations are clearly subject to the SRA, which includes a standard range sentencing grid and a list of seriousness levels for UCSA offenses. RCW 9.94A.517, .518. It is therefore necessary to understand how felony

sentencing operated both before and after the passage of the SRA in order to interpret the statutes' plain language in context. *See Cruz*, 157 Wn.2d at 88.

"For 75 years Washington criminal law relied upon indeterminate sentencing, with maximum sentences specified for all felony offenses." WASH. SENTENCING GUIDELINES COMM'N, A DECADE OF SENTENCING REFORM: WASHINGTON AND ITS GUIDELINES 1981-1991 5 (1991) (A DECADE OF SENTENCING REFORM), https://www.cfc.wa.gov/PublicationSentencing/Research/ DecadeSentencingReform_1992.pdf [https://perma.cc/J6YG-5QWN]. When a person was convicted, the court was required to "fix the maximum term of such person's sentence only." RCW 9.95.010. The court had no discretion in setting the maximum term; it had to be "the maximum provided by law for the crime of which such person was convicted, if the law provides for a maximum term." *Id.*

However, the person would not necessarily serve the maximum term in prison. Instead, the person would be given a "minimum term," which was set by the former Board of Prison Terms and Paroles, subject to certain statutory minimum terms. 13B SETH A. FINE, WASHINGTON PRACTICE: CRIMINAL LAW AND SENTENCING § 42:2, at 464 (3d ed. 2019) (citing RCWA 9.95.040). At the end of the minimum term, if the board determined that "rehabilitation was complete," then the person would be released on parole, subject to conditions and supervision. *Id.* (citing RCWA 9.95.100). The person could be "returned to prison for the

commission of any crime or for any violation of the conditions of parole" at any time before the maximum term expired. *Id.* at 464-65. Thus, "[t]he Board of Prison Terms and Paroles, not the judge, determined how much time the offender actually spent in prison." A DECADE OF SENTENCING REFORM at 5.

Following significant criticism and years of deliberation, Washington adopted the SRA "to apply to all felonies committed after June 30, 1984." *Id.* The SRA provides that "[w]hen a person is convicted of a felony, the court shall impose punishment as provided in this chapter." RCW 9.94A.505(1). It is intended "to ensure that offenders who commit similar crimes and have similar criminal histories receive equivalent sentences." WASH. STATE CASELOAD FORECAST COUNCIL, 2019 WASHINGTON STATE ADULT SENTENCING GUIDELINES MANUAL 27 (SENTENCING GUIDELINES MANUAL), https://www.cfc.wa.gov/ PublicationSentencing/SentencingManual/Adult_Sentencing_Manual_2019.pdf [https://perma.cc/ZF32-R9KS]. To achieve this purpose, the SRA "structures, but does not eliminate, discretionary decisions affecting sentences." RCW 9.94A.010.

The following is a very limited summary of the SRA sentencing process as it applies to Cyr's case. There are, of course, many other issues that may come up in sentencing, but they are not relevant to this case and are therefore not discussed here.

*Step One.* Determine the felony class and statutory maximum sentence. SENTENCING GUIDELINES MANUAL at 55. Selling a controlled substance for profit is explicitly defined as a class C felony. RCW 69.50.410(1). The statutory maximum sentence, meanwhile, is the primary disputed issue in this case and is therefore discussed in more detail below.

*Step Two.* Determine the offense seriousness level. SENTENCING GUIDELINES MANUAL at 55-56. "Drug offenses committed on or after July 1, 2003, are divided into three seriousness levels," with Level III being the most serious. *Id.* at 56. Selling a controlled substance for profit is Level III. RCW 9.94A.518.

*Step Three.* Determine the offender score. SENTENCING GUIDELINES MANUAL at 56-61. Broadly speaking, a person's offender score is based primarily on criminal history and other current convictions. *Id.* at 56. In this case, it is undisputed that Cyr's offender score is 5. CP at 24.

*Step Four.* Determine the applicable standard sentence range. SENTENCING GUIDELINES MANUAL at 62-65. Standard sentence ranges are set forth in grids, "one for violations of the [UCSA] and one for all other crimes." FINE, *supra*, § 43:18, at 519. The UCSA grid is as follows:

| Seriousness Level | Offender Score 0 to 2 | Offender Score 3 to 5 | Offender Score 6 to 9 or more |
|---|---|---|---|
| **III** | 51 to 68 months | 68+ to 100 months | 100+ to 120 months |
| **II** | 12+ to 20 months | 20+ to 60 months | 60+ to 120 months |
| **I** | 0 to 6 months | 6+ to 18 months | 12+ to 24 months |

RCW 9.94A.517(1). "The intersection of the column defined by the offender score and the row defined by the offense seriousness score determines the standard sentence range." RCW 9.94A.530(1). The intersection of Cyr's offender score (the "3 to 5" column) and the offense seriousness level (the "III" row) thus yields a standard sentence range of 68+ to 100 months. RCW 9.94A.517(1).

*Step Five.* Impose the sentence. SENTENCING GUIDELINES MANUAL at 66-71. A person must be sentenced within the standard range "[u]nless another term of confinement applies." RCW 9.94A.505(2)(a)(i). In this case, neither a sentencing alternative nor an exceptional sentence outside the standard range is an issue on appeal. However, where the standard range "given in the sentencing grid exceeds the statutory maximum sentence for the offense," "the statutory maximum sentence shall be the presumptive sentence." RCW 9.94A.599.

Therefore, if Cyr's statutory maximum sentence is only 60 months, then his presumptive sentence is 60 months pursuant to RCW 9.94A.599, as the trial court ruled. VTP (Aug. 23, 2017) at 31. However, if Cyr's statutory maximum sentence is 120 months, then he must be sentenced within the standard range, as the Court of Appeals held. *Cyr*, 8 Wn. App. 2d at 844. The dispute over Cyr's sentence is thus limited to one component of the sentencing process: determining the statutory maximum sentence.

9

B.      If Cyr has a prior qualifying conviction that triggers RCW 69.50.408's doubling provision, then his statutory maximum sentence is 120 months

In determining Cyr's statutory maximum sentence, our "primary goal . . . is to ascertain and give effect to the legislature's intent and purpose." *Cruz*, 157 Wn.2d at 87. To do so, we must "'consider[ ] the statute as a whole, giving effect to all that the legislature has said, and using related statutes to help identify the legislative intent embodied in the provision in question.'" *Id.* at 88 (quoting *In re Parentage of J.M.K.*, 155 Wn.2d 374, 387, 119 P.3d 840 (2005)). This requires us to harmonize and give effect to all of the relevant statutory language wherever possible. *State v. Hirschfelder*, 170 Wn.2d 536, 543, 242 P.3d 876 (2010). Doing so in this case shows that if Cyr has a prior qualifying conviction, then his statutory maximum sentence is 120 months, so he must be sentenced within the SRA standard range.

1.      If Cyr has a prior qualifying conviction, his statutory maximum sentence is 120 months

The term "statutory maximum sentence" is defined by the SRA as "the maximum length of time for which an offender may be confined as punishment for a crime as prescribed in chapter 9A.20 RCW, RCW 9.92.010, the statute defining the crime, or other statute defining the maximum penalty for a crime." RCW 9.94A.030(51). The SRA thus directs us to consult four statutory sources to determine a statutory maximum sentence: (1) chapter 9A.20 RCW, (2) RCW

10

9.92.010, (3) the statute defining the crime, and (4) any other statute defining the maximum penalty. Taken together, these four statutory sources show that if Cyr has a prior qualifying conviction for purposes of RCW 69.50.408, then the Court of Appeals correctly held that his statutory maximum sentence is 120 months.

First, we must consult chapter 9A.20 RCW. Chapter 9A.20 RCW provides that "[f]or purposes of sentencing, classified felonies are designated as one of three classes": class A, class B, or class C. RCW 9A.20.010(1)(b). As noted above, selling a controlled substance for profit is explicitly defined as a class C felony. RCW 69.50.410(1). Felonies committed on or after July 1, 1984 are governed by RCW 9A.20.021, which provides that the maximum sentence for a class C felony is 60 months. RCW 9A.20.021(1)(c).

Second, we must consider RCW 9.92.010, which sets the maximum penalty for any "felony for which no maximum punishment is specially prescribed by any statutory provision." Because there are other statutes that prescribe a maximum penalty for selling a controlled substance for profit, RCW 9.92.010 does not apply in this case.

Third, we consult "the statute defining the crime." RCW 9.94A.030(51). The statute defining the crime of selling a controlled substance for profit provides that the maximum sentence for a first offense is 60 months. RCW 69.50.410(2)(a).

11

Finally, the SRA directs us to determine whether there is some "other statute defining the maximum penalty." RCW 9.94A.030(51). The "other statute" at issue here is RCW 69.50.408. RCW 69.50.408(1) provides, "Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized."

For purposes of RCW 69.50.408, a second or subsequent offense exists "if, prior to [their] conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs." RCW 69.50.408(2). RCW 69.50.408 "does not apply to offenses under RCW 69.50.4013," that is, possession of a controlled substance. RCW 69.50.408(3); *see* RCW 69.50.4013. Importantly, this exemption applies only to "a *current* possession offense." *State v. McCollum*, 88 Wn. App. 977, 988, 947 P.2d 1235 (1997), *review denied*, 137 Wn.2d 1035 (1999). A "sentence can be doubled based upon a *prior* conviction for possession." *Id.*; *accord State v. McGrew*, 156 Wn. App. 546, 557, 234 P.3d 268, *review denied*, 170 Wn.2d 1003 (2010).

RCW 69.50.408's doubling provision has been part of the UCSA since its original enactment. LAWS OF 1971, 1st Ex. Sess., ch. 308, § 69.50.408. However, this court has interpreted it only twice. In 1999, we held that solicitation "is not an offense 'under' RCW 69.50," so the doubling provision could not apply to a

conviction for solicitation to deliver cocaine. *In re Pers. Restraint of Hopkins*, 137 Wn.2d 897, 900, 976 P.2d 616 (1999). And in 2006, we considered whether RCW 69.50.408(1) doubles "the standard range sentence or the maximum sentence or both." *Cruz*, 157 Wn.2d at 86. Because "the concept of a standard range sentence did not exist prior to 1981," we held that "when it enacted RCW 69.50.408(1) and referred to 'twice the term otherwise authorized,' the legislature could only have been referring to a doubling of the statutory maximum sentence." *Id.* 88-89. Therefore, "RCW 69.50.408 doubles the maximum penalty not the standard range penalty." *Id.* at 90.

Against this legal backdrop, applying the plain language of RCW 69.50.408 to Cyr's case appears relatively straightforward.

RCW 69.50.408's doubling provision broadly applies to "[a]ny person convicted of a second or subsequent offense under this chapter," except for a current conviction "under RCW 69.50.4013." RCW 69.50.408(1), (3). Selling a controlled substance for profit in violation of RCW 69.50.410(1) is clearly an "offense under this chapter" and is not an "offense[ ] under RCW 69.50.4013."

The doubling provision is triggered "if, prior to [their] conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs." RCW 69.50.408(2).

13

Therefore, if Cyr has such a prior conviction, he "may be imprisoned for a term up to twice the term otherwise authorized." RCW 69.50.408(1). This "doubles the maximum penalty." *Cruz*, 157 Wn.2d at 90. As discussed above, the maximum penalty otherwise authorized for Cyr's offenses is 60 months. RCW 9A.20.021(1)(c); RCW 69.50.410(2)(a). The Court of Appeals thus correctly held that if Cyr has a prior qualifying conviction that triggers RCW 69.50.408's doubling provision, then his statutory maximum sentence doubles to 120 months. *Cyr*, 8 Wn. App. 2d at 844.

This interpretation gives effect to and harmonizes the plain language of all four statutory sources that the SRA directs us to consult in determining a statutory maximum sentence (chapter 9A.20 RCW, RCW 9.92.010, the statute defining the crime, and any other statute defining the maximum penalty). It also comports with the *Sentencing Guidelines Manual*'s felony scoring sheet for selling a controlled substance for profit, which provides that "[p]er RCW 69.50.408, the statutory maximum for a subsequent conviction under chapter 69.50 RCW is 120 months." SENTENCING GUIDELINES MANUAL at 446 (boldface omitted). The alternative interpretations offered by Cyr and amicus do not.

    2.    No statutory conflict or ambiguity has been identified

Cyr and amicus argue that the rule of lenity requires us to interpret the statutes in Cyr's favor. However, the rule of lenity applies only where a statute is

14

ambiguous, and a statute is ambiguous only if it is "subject to more than one

*reasonable* interpretation." *Cruz*, 157 Wn.2d at 88 (emphasis added). Cyr and

amicus do not identify any statutory conflicts or offer any reasonable alternative

statutory interpretations.

> a. RCW 69.50.408 does not give courts discretion to determine the statutory maximum sentence

Cyr emphasizes that the sentencing provisions in RCW 69.50.410 use the

word "shall," while RCW 69.50.408(1) provides that the offender "may" be

sentenced to up to twice the term otherwise authorized. He therefore appears to

contend that doubling a statutory maximum sentence pursuant to RCW

69.50.408(1) is discretionary, while the 60-month maximum sentence for a first

violation of RCW 69.50.410(1) is mandatory. This is not a reasonable

interpretation.

This court has not yet decided whether RCW 69.50.408(1) automatically

doubles the statutory maximum sentence or merely gives the sentencing court

discretion to double it. *See Hopkins*, 137 Wn.2d at 900 n.2 (declining to reach the

issue). However, Division One of the Court of Appeals has long held that RCW

69.50.408's doubling provision is automatic. *In re Pers. Restraint of Hopkins*, 89

Wn. App. 198, 201, 948 P.2d 394 (1997), *rev'd on other grounds*, 137 Wn.2d 897

(1999). In this case, Division Two reached the same conclusion. *Cyr*, 8 Wn. App.

2d at 840. Division Three has not weighed in as clearly, but it has held in a

15

published opinion that automatic doubling of the statutory maximum sentence "is the law of the case." *State v. Roy*, 147 Wn. App. 309, 315, 195 P.3d 967 (2008). We now affirm that RCW 69.50.408(1) automatically doubles the statutory maximum sentence because that is the only reasonable interpretation, both in the historical context of pre-SRA indeterminate sentencing and in the modern SRA context.

As discussed above, prior to the SRA, the sentencing court was required to impose a maximum term and the Board of Prison Terms and Paroles had broad discretion to determine how much of that term was actually served in prison. "The maximum term to be fixed by the court *shall* be the maximum provided by law for the crime of which such person was convicted, if the law provides for a maximum term." RCW 9.95.010 (emphasis added). Thus, RCW 69.50.408(1)'s use of "may" can have referred only to the board's discretion in determining how long a person was imprisoned because the court had no discretion in setting the maximum term.

In the current SRA sentencing scheme, the statutory maximum sentence is, by definition, "prescribed" by statute and refers to "the maximum length of time for which an offender *may* be confined as punishment for a crime." RCW 9.94A.030(51) (emphasis added). RCW 69.50.408(1) provides that the person "*may* be imprisoned for a term up to twice the term otherwise authorized."

(Emphasis added.) Therefore, the maximum is automatically doubled and, as the Court of Appeals explained, "The trial court's discretion involves what sentence to actually impose within the doubled maximum and the standard range." *Cyr*, 8 Wn. App. 2d at 841.

Determining the statutory maximum sentence is not a matter of discretion. 69.50.408's doubling provision thus does not conflict with RCW 69.50.410(2)(a)'s 60-month maximum term. Instead, the 60-month maximum applies but is automatically doubled in accordance with RCW 69.50.408(1)'s plain language, just as any other statutory maximum sentence would be.

        b.     RCW 69.50.410 does not set forth an independent sentencing scheme

Cyr also contends that RCW 69.50.408's doubling provision cannot apply to a conviction for selling a controlled substance for profit because "the five years is not just a statutory maximum—it is a separate sentencing scheme." Suppl. Br. of Pet'r (Am.) at 7. He thus appears to argue that when a person is sentenced for violating RCW 69.50.410, no other sentencing statutes apply.[2] That is not a

---

[2] Amicus appears to agree and asks us to take judicial notice of the briefing in *State v. Peterson*, a Court of Appeals case. We decline to do so because the Court of Appeals has issued its decision in *Peterson* and explicitly declined to reach Peterson's argument "that her maximum sentence did not double to ten years." *State v. Peterson*, No. 52183-1-II, slip op. at 5 n.4 (Wash. Ct. App. Feb. 5, 2020), http://www.courts.wa.gov/opinions/pdf/D2%2052183-1-II%20Published %20Opinion.pdf.

reasonable interpretation because multiple sentencing statutes explicitly apply to violations of RCW 69.50.410.

The SRA includes a standard range sentence grid and offense seriousness level for the specific crime of selling a controlled substance for profit. RCW 9.94A.517(1), .518. In addition, RCW 69.50.435(1) provides that when certain UCSA violations are committed in certain places such as schools or public parks, the offender "may be punished . . . by imprisonment of up to twice the imprisonment otherwise authorized by this chapter." This provision has been consistently interpreted "to mean that the statutory maximum sentence is doubled." *Cruz*, 157 Wn.2d at 89. And it explicitly applies to "[a]ny person . . . who violates RCW 69.50.410 by selling for profit any controlled substance or counterfeit substance classified in schedule I." RCW 69.50.435(1).

Thus, the plain language of RCW 69.50.410, read in context, cannot reasonably be interpreted as creating an independent sentencing scheme that precludes the application of other sentencing provisions. Multiple other sentencing provisions explicitly apply. Cyr does not point to any statutory language indicating that RCW 69.50.408 does not apply as well.

As discussed above, RCW 69.50.408's plain language provides that it applies to "[a]ny person convicted of a second or subsequent offense under this chapter." RCW 69.50.408(1). It has only one explicit exemption for current

18

violations of RCW 69.50.4013.  RCW 69.50.408(3).  By including this one

exemption and no others, RCW 69.50.408's plain language shows that the

legislature intended for that statute to apply to all other UCSA violations, including

violations of RCW 69.50.410(1).  *See Hopkins*, 137 Wn.2d at 901 (applying "the

rule of expressio unius est exclusio alterius").

> c.      RCW 69.50.408's doubling provision does not conflict with
>          RCW 69.50.410's sentencing provisions for subsequent
>          offenses

Next, Cyr contends that RCW 69.50.408 conflicts with RCW 69.50.410

because the latter statute "contains its own doubling provision."  Suppl. Br. of Pet'r

(Am.) at 7.  Amicus agrees, arguing that "[i]t makes no sense to double the

maximum sentence pursuant to RCW 69.50.408 when RCW 69.50.410 already

doubles it."  Br. of WACDL as Amicus Curiae at 13.  This contention is based on a

misreading of RCW 69.50.410.  While RCW 69.50.410 does include two

sentencing provisions for subsequent convictions, those provisions do not address

the statutory maximum sentence at all, much less double it.

First, RCW 69.50.410(2)(b) provides, "Any person convicted on a second or

subsequent cause . . . shall receive a mandatory sentence of five years . . . and no

judge of any court shall suspend or defer the sentence imposed for the second or

subsequent violation."  But five years is the same as the statutory maximum for a

first offense. RCW 69.50.410(2)(a). RCW 69.50.410(2)(b) thus does not affect

the statutory maximum sentence in any way.

Second, RCW 69.50.410(3)(b) applies specifically to selling *heroin* for

profit and provides,

> Any person convicted on a second or subsequent sale of heroin . . .
> shall receive a mandatory sentence of ten years . . . and no judge of
> any court shall suspend or defer the sentence imposed for this second
> or subsequent violation: PROVIDED, That the indeterminate sentence
> review board under RCW 9.95.040 shall not reduce the minimum
> term imposed for a violation under this subsection.

This provision thus explicitly sets a mandatory *minimum* term that cannot be

suspended or deferred. It does not preclude or conflict with RCW 69.50.408(1)'s

doubling of the statutory *maximum* term.

        d.     Cyr's standard sentence range does not conflict with RCW
             69.50.410's sentencing provision for selling heroin for profit

Amicus notes that in addition to the 60-month maximum term for a first

offense, RCW 69.50.410 requires "a mandatory sentence of two years" when a

person is convicted of a first offense of selling heroin for profit. RCW

69.50.410(3)(a). Amicus thus contends that Cyr's "range under RCW 69.50.410 is

24 to 60 months," precluding application of the SRA standard range of 68+ to 100

months. Br. of WACDL as Amicus Curiae at 9.

However, the language amicus points to predates the SRA. LAWS OF 1973,

2d Ex. Sess., ch. 2, § 2(3). At that time, "the concept of a standard range sentence

20

did not exist." *Cruz*, 157 Wn.2d at 88. The legislature therefore cannot have intended to set forth a standard sentence range when it enacted RCW 69.50.410 because, at the time, there was no such thing. *Id.* at 88-89; *see also State v. Silva-Baltazar*, 125 Wn.2d 472, 476, 886 P.2d 138 (1994) ("The UCSA delineates offenses and establishes maximum penalties, but does not set out determinate sentence ranges, which are provided for in the [SRA]."). Because RCW 69.50.410 does not set forth a standard sentence range at all, it does not conflict with the standard sentence range in the SRA.

e.    Cyr's standard sentence range does not conflict with RCW 9.94A.506

Finally, Cyr and amicus contend that Cyr's standard sentence range as set forth in RCW 9.94A.517 conflicts with RCW 9.94A.506, which sets "limitations" on "[t]he standard sentence ranges of total and partial confinement under this chapter." However, RCW 9.94A.506 explicitly does *not* apply to sentence ranges "provided in RCW 9.94A.517." Therefore, there cannot be a conflict between RCW 9.94A.506 and any standard sentence range set forth in RCW 9.94A.517, including Cyr's.

In sum, the Court of Appeals correctly interpreted the relevant statutes. If Cyr has a prior qualifying conviction, his statutory maximum sentence is 120 months and he must be sentenced within the standard range.

C.      It is not clear whether Cyr has a prior qualifying conviction that triggers RCW 69.50.408's doubling provision

It is undisputed that Cyr has a 2004 conviction for possession of marijuana and a 2015 conviction for attempted possession of an imitation controlled substance. However, it is not clear from the record whether those convictions were "under [the UCSA] or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs," as required to trigger RCW 69.50.408's doubling provision. RCW 69.50.408(2).

At Cyr's original sentencing, the parties appeared to assume that his conviction for possession of marijuana was a UCSA offense, but, as the Court of Appeals noted, this was a misdemeanor conviction from Centralia Municipal Court and "the record does not state the statutory basis of the conviction." *Cyr*, 8 Wn. App. 2d at 837 n.1. Nevertheless, the Court of Appeals noted that Cyr also has "a 2015 conviction for attempted possession of an imitation controlled substance, a violation of chapter 69.50 RCW." *Id.* at 837. However, the record does not state the statutory basis for this conviction either, and it is not clear that any statute within chapter 69.50 RCW applies to "attempted possession of an imitation controlled substance."

We recognize that the parties have not raised this issue. However, we exercise our discretion to do so because if Cyr does not have a prior qualifying conviction, then his statutory maximum sentence is only 60 months. In that case, a

22

sentence within the SRA standard range of 68+ to 100 months would exceed the court's statutory authority, rendering Cyr's judgment and sentence facially invalid. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 135, 267 P.3d 324 (2011).

Therefore, we remand for the trial court to determine the statutory basis for Cyr's prior drug offenses and to further determine whether any of those convictions were "under [the UCSA] or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs." RCW 69.50.408(2). On remand, "the parties shall have the opportunity to present and the court to consider all relevant evidence regarding criminal history, including criminal history not previously presented" to aid in this determination. RCW 9.94A.530(2); *see also State v. Jones*, 182 Wn.2d 1, 10-11, 338 P.3d 278 (2014).

If Cyr has a prior qualifying conviction, then the plain language of RCW 69.50.408 automatically doubles Cyr's statutory maximum sentence to 120 months and he must be sentenced within the SRA standard range. However, if Cyr does not have a prior qualifying conviction, then his statutory maximum sentence is 60 months, so his original 60-month sentence must stand.

CONCLUSION

As this case shows, sentencing for a UCSA conviction can be complicated. Courts must apply sentencing statutes from different chapters of the RCW, and the

sentencing statutes in the UCSA have not been amended to reflect Washington's current determinate sentencing scheme. Nevertheless, we must harmonize all the relevant statutes, giving effect to all of the statutory language. Doing so here, we hold that if Cyr has a prior qualifying conviction, he must be sentenced within the standard range provided by the SRA. We therefore vacate and remand to the trial court for further proceedings consistent with this opinion.

_____, J

WE CONCUR:

Stephens, C.J.

Johnson, J.

Madsen, J.

Owens, J

Wiggins, JPT

González, J.

Gordon McCloud, J.

Montoya-Lewis, J.

25