IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SAN JUAN COUNTY, a municipal corporation of the State of Washington, | No. 84941-7-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| WASHINGTON COALITION FOR OPEN GOVERNMENT, a Washington non-profit corporation,, | |
| Appellant. | |

SMITH, C.J. — The purpose of the Public Records Act (PRA), ch. 42.56 RCW, is to protect the public's interest in open and accountable government. In 2020, the Washington Coalition for Open Government (WCOG) made a PRA request of San Juan County. San Juan County sued WCOG when it sought unredacted attorney invoices in a format that the County did not regularly use, concerning payments made to outside counsel representing the County in litigation concerning the PRA. San Juan County provided the invoices but redacted all descriptions of the work provided. Following an *in camera* review, the trial court concluded that San Juan County appropriately redacted the invoices.

On appeal, WCOG contends that (1) San Juan County inappropriately redacted the invoices in violation of RCW 45.26.904; (2) that the County violated RCW 42.56.080(2) by considering WCOG's identity; (3) that the County's

explanations of redactions were insufficient in violation of RCW 42.56.210(3); and (4) that WCOG is entitled to attorney fees. We find no error and affirm.

FACTS

Background

In 2015, Edward Kilduff sued San Juan County alleging that a local ordinance, which created an additional administrative exhaustion procedure to the PRA violated it.[1] During litigation, Kilduff was represented by a board member of the Washington Coalition for Open Government (WCOG) and San Juan County hired outside counsel.[2] Our state Supreme Court ultimately concluded that San Juan County did not possess the authority to add an administrative exhaustion requirement to the PRA and remanded the case for further proceedings.

Present Litigation

In April 2020, while Kilduff was on remand, WCOG made a public records request seeking invoices of the outside counsel San Juan County had hired in Kilduff. Worried that San Juan County was misappropriating funds, WCOG requested "all invoices, contracts, correspondence, notes, bids, proposals, records relating to conflicts of interest, meeting minutes, and any other records relating to [San Juan] County's use of outside counsel in Kilduff v. San Juan

---

[1] The underlying facts are set forth in Kilduff v. San Juan County, 194 Wn.2d 859, 453 P.3d 719 (2019).

[2] See Kilduff v. San Juan County, 194 Wn.2d 859, 453 P.3d 719 (2019). (Michele Lynn Earl-Hubbard, board member of WCOG, listed as counsel for Edward Kilduff).

County." A month later, San Juan County provided the invoices, which were heavily redacted, but included the hours and total dollar amounts billed.

As part of their PRA claim, WCOG requested the documents in a format that San Juan County did not typically use. In response to the request, the County sued WCOG,[3] seeking a declaratory judgment that it need not provide the records in an electronic format incompatible with its tracking system. WCOG later withdrew the formatting piece of their PRA request, instead filing a counterclaim asserting that San Juan County's invoices were improperly and excessively redacted.

During discovery, WCOG sought information about how San Juan County responded to its original PRA request, as well as all attorney invoices that dealt with any PRA requests starting on January 1, 2018. The County objected, arguing that the requests were overly broad and sought documents protected by work product and attorney-client privilege. WCOG then sought those same records through the PRA.

When San Juan County propounded discovery requests to WCOG, it similarly sought production of WCOG's invoices relating to the PRA request, its current suit, and its participation in Kilduff. WCOG objected, arguing that such a request called for protected work product and exceeded the scope of discovery.

---

[3] San Juan County initially named William Crittenden as respondent in the suit as Crittenden made the request without disclosing that WCOG was his client. Once San Juan County determined that WCOG was the true requestor, it modified the complaint to name WCOG.

In January 2022, WCOG moved for partial summary judgment, arguing San Juan County's production of the redacted invoices violated the PRA. Relying on invoices it had obtained from other agencies in separate PRA requests, which were less heavily redacted, WCOG asserted San Juan County had excessively redacted the invoices in violation of the PRA. WCOG asked the court to compel the County to produce "properly redacted records" and also sought *in camera* review of the documents. The County then cross-moved for summary judgment on the grounds that the documents were relevant to an ongoing controversy and thus, exempt under the PRA.

The court denied both parties' motions for summary judgment, concluding that issues of fact still existed, but granted WCOG's motion for *in camera* review. Following *in camera* review of the redacted documents, the court found that the redacted material was work product protected by privilege. The court stated that "the descriptions of the work performed by attorneys on the invoices could be redacted in its entirety and that [San Juan] County was not obligated to go line by line to select portions for more limited redaction."

The court denied WCOG's counterclaim and dismissed the matter with prejudice. The court then denied WCOG's motion for reconsideration. WCOG appeals.

ANALYSIS

WCOG raises four issues on appeal, including whether San Juan County's invoice redactions complied with RCW 42.56.904, whether San Juan County violated RCW 42.56.080(2) by taking WCOG's identity into account, whether San

4

Juan County's explanations of the redactions satisfied RCW 42.56.210 (3), and whether WCOG is entitled to attorney fees. We address each in turn.[4]

### Standard of Review

"Agency action taken or challenged under the PRA is reviewed de novo." RCW 42.56.550(3); Progressive Animal Welfare Soc'y v. Univ. of Wash., 125 Wn.2d 243, 252, 884 P.2d 592 (1994) (PAWS). "[T]he appellate court stands in the same position as the trial court where the record consists only of affidavits, memoranda of law, and other documentary evidence." PAWS, 125 Wn.2d at 252.

### RCW 42.56.904

WCOG contends that San Juan County violated RCW 42.56.904, which prohibits redacting attorney invoices in their entirety and limits redactions to specific exemptions, by redacting all descriptions in the invoices it provided, regardless of whether they contained attorney mental impressions, legal advice, theories, or opinions. We conclude that the invoice descriptions were exempt under RCW 42.56.290.

Our Supreme Court has consistently reinforced the notion that "the [PRA] 'is a strongly worded mandate for broad disclosure of public records.' " Soter v. Cowles Publishing Co., 162 Wn.2d 716, 731, 174 P.3d 60 (2007) (quoting Hearst Corp. v. Hoppe, 90 Wn.2d 123, 127, 580 P.2d 246 (1978)). "We liberally

---

[4] WCOG appeals both the Findings, Conclusions, and Order Upon In Camera Review and the Order on Reconsideration. As we find no error with the *in camera* findings, there is no error on the trial court's part for denying the motion for reconsideration.

construe the PRA in favor of disclosure." RCW 42.56.030; Soter, 162 Wn.2d at 731. "The PRA requires a government agency to disclose any public record upon request; however, an agency lawfully withholds production of records if one of the PRA's enumerated exemptions applies." RCW 42.56.070(1); Sanders v. State, 169 Wn.2d 827, 836, 240 P.3d 120 (2010). "The PRA's numerous exemptions protect certain records from disclosure and the PRA also incorporates any 'other statute' that prohibits disclosure of records." Dep't of Transp. v. Mendoza de Sugiyama, 182 Wn. App 588, 597, 330 P.3d 209 (2014) (quoting RCW 42.56.070). Because we narrowly construe the PRA's exemptions in favor of disclosure, the burden is on the agency to establish that an exemption applies. Mendoza de Sugiyama, 182 Wn. App at 597; RCW 42.56.030; RCW 42.56.550(1). "In construing the PRA, we look at the Act in its entirety in order to enforce the law's overall purpose." Rental Hous. Ass'n of Puget Sound v. City of Des Moines, 165 Wn.2d 525, 536, 199 P.3d 393 (2009). And when interpreting a statute, the court, if possible, must " 'harmonize and give effect to all of the relevant statutory language.' " State v. Peterson, 198 Wn.2d 643, 647, 498 P.3d 937 (2021) (quoting State v. Cyr, 195 Wn.2d 492, 502, 461 P.3d 360 (2020)).

There are two sections of the PRA at issue here. The first, RCW 42.56.904, provides that attorney invoices may not be "withheld in their entirety" and that "specific descriptions of work performed be redacted only if they would reveal an attorney's mental impressions, actual legal advice, theories, or opinions, or are otherwise exempt under chapter 391, Laws of 2007 or other

laws." The burden is on the public entity to justify each redaction and narrowly construe any exemption to full disclosure. RCW 42.56.904.

The second, RCW 42.56.290, is one such "other law." John Doe v. Wash. State Patrol, 185 Wn.2d 363, 373, 374 P.3d 63 (2016). RCW 42.56.290 establishes the "controversy exemption," which provides that "[r]ecords that are relevant to a controversy to which an agency is a party but which records would not be available to another party under the rules of pretrial discovery for causes pending in the superior courts are exempt from disclosure under this chapter." "This is a categorical exception" that "applies to any materials that would not be discoverable in the context of 'a controversy under the civil rules of pretrial discovery.' " Mendoza de Sugiyama, 182 Wn. App at 597 (internal quotation marks omitted) (quoting Soter, 162 Wn.2d at 731). "Our Supreme Court has held that the controversy exemption applies to the work product doctrine and the attorney-client privilege." Mendoza de Sugiyama, 182 Wn. App at 597. Attorney-client privilege applies to communications and advice between an attorney and client and extends to documents that contain privileged communications. Soter, 162 Wn.2d at 745. Similarly, work product extends to documents and tangible things prepared in anticipation of litigation or for trial. CR 26(b)(4).

Here, WCOG sought access to attorney invoices from a case being actively litigated and in which both WCOG and San Juan County had a stake.

Looking first to work product, the invoices were created "by or for" San Juan County to use in the Kilduff litigation with the County's expectation that they be privileged during trial. The invoices documented the actions the attorneys

7

took, the hours spent, and the amount charged for the ongoing Kilduff case. As a result, they constitute work product under CR 26(b)(4) and are not discoverable. Neither party makes any arguments about waiver and WCOG has made no assertion of undue hardship.

As to attorney-client privilege, the unredacted records detail exactly the activities counsel took in furtherance of the litigation. This includes communications between attorney and client and highlights documents that contain privileged communications. These are privileged materials. In conjunction with the time and money spent, it could be relatively easy for opposing counsel to decipher San Juan County's litigation plan and its communications with its attorneys.

Because the descriptions are privileged under work product and attorney-client privilege and are therefore not subject to pre-trial discovery, they are similarly not subject to the PRA under RCW 42.56.290. WCOG fails to acknowledge that the PRA exempts non-discoverable information for pending controversies and that it sought such records. Moreover, it ignores that San Juan County did not redact the invoices in their entirety—neither the hours spent nor the amounts billed were redacted from the invoices. RCW 42.56.290 is directly applicable because WCOG sought information that is not discoverable during on-going litigation.

WCOG's reliance on redacted invoices from other matters is unpersuasive. Attached as exhibits to WCOG's counsel's declaration, WCOG points to copies of invoices issued by San Juan County's attorney in other cases.

WCOG cites no authority for the proposition that redactions must look like those cases. And in those cases, WCOG sought invoices for work performed post-trial, as opposed to work performed while the parties were actively litigating. The invoices WCOG seeks in the present case concern pretrial matters protected by attorney-client privilege and the work product doctrine. Why the County may have spent a certain amount of money to pursue one legal theory over another is information that is protected while the litigation is ongoing. Moreover, we note that WCOG received the information it ultimately sought: the total amount of money San Juan County paid outside counsel to litigate the Kilduff matter.

We note that both parties dedicate a substantial portion of their briefing and oral argument to the legislative history of RCW 42.56.904. But the statute is unambiguous and therefore we need not consider the legislative history.

"Where the meaning of statutory language is plain on its face, we must give effect to that plain meaning as an expression of legislative intent." Rental Hous. Ass'n, 165 Wn.2d at 536. Only when a statute is ambiguous do we "resort to aids of construction, including legislative history." City of Spokane v. Spokane County, 158 Wn.2d 661, 673, 146 P.3d 893 (2006).

> RCW 42.56.904 states,
>
> It is the intent of the legislature to clarify that no reasonable construction of chapter 42.56 RCW has ever allowed attorney invoices to be withheld in their entirety by any public entity in a request for documents under that chapter. It is further the intent of the legislature that specific descriptions of work performed be redacted only if they would reveal an attorney's mental impressions, actual legal advice, theories, or opinions, or are otherwise exempt under chapter 391, Laws of 2007 or other laws, with the burden

9

upon the public entity to justify each redaction and narrowly construe any exception to full disclosure.

The statute specifically includes exemptions under "other laws." As noted, "other laws" includes other provisions of the PRA. As the language of the statute is plain on its face, we do not look to the legislative history.

At oral argument, WCOG claimed that reading RCW 42.56.290 as exempting work product would render the entirety of the PRA meaningless because RCW 42.56.904 was meant to limit redactions of attorney invoices as allowed by earlier sections of the statute.[5] But again, the language of the statute is plain on its face and specifically includes exemptions provided by "other laws." RCW 42.56.904. We have previously held that RCW 42.56.290 is one such other law and the rules of statutory interpretation do not require us to dig deeper to find an ambiguity.

Because the invoices were properly exempt under RCW 42.56.290, we conclude that San Juan County's redactions complied with RCW 42.56.904.

## RCW 42.56.080

WCOG next contends that San Juan County violated RCW 42.56.080(2), which prohibits distinguishing among persons requesting records, by using WCOG's identity as the requestor to justify withholding public records. We conclude that San Juan County did not violate the statute.

---

[5] Wash. Court of Appeals oral argument, San Juan County v. WCOG, No. 84941-7-I (Sept. 26, 2023), at 02:33, 03:15, 03:55, audio recording by TVW, Washington State's Public Affairs Network, https://tvw.org/video/division-1-court-of-appeals-2023091214/?eventID=2023091214.

RCW 42.56.080(2) states that "agencies shall not distinguish among persons requesting records." A requestor's use of information may not be the basis for denying a request. DeLong v. Parmelee, 157 Wn. App. 119, 146, 236 P.3d 936 (2010). Rather, an agency "must respond to all public disclosure requests without regard to the status or motivation of the requestor." Livingston v. Cedeno, 164 Wn.2d 46, 53, 186 P.3d 1055 (2008).

Here, San Juan County responded to WCOG's request. WCOG argues that the County excessively redacted the invoices in response to WCOG's identity but this argument is unpersuasive because as discussed, the County appropriately redacted the invoices. And apart from being an adverse party in Kilduff, WCOG provides no evidence that the County would have, or did, treat them differently than any other requestor. We conclude that San Juan County did not violate RCW 42.56.080(2).

### RCW 42.56.210(3)

WCOG also asserts that San Juan County failed to provide sufficiently detailed explanations of how each exemption applied to withheld or redacted records, in violation of RCW 42.56.210(3). Because the explanations were sufficiently detailed but high level enough to protect the privileged information, we conclude that the County's explanations satisfy the statutory requirement.

RCW 42.56.210(3) states that "agency responses refusing, in whole or in part, inspection of any public record shall include a statement of the specific exemption authorizing the withholding of the record (or part) and a brief explanation of how the exemption applies to the record withheld." The brief

explanations "need not be elaborate, but should include the type of record, it's date and number of pages, and, unless otherwise protected, the author and recipient. . . Where use of any identifying features would reveal protected content, the agency may designate the records by a numbered sequence." PAWS, 125 Wn.2d at 608 n.18. "Another way to properly provide a brief explanation is to have a code for each statutory exemption, place that code on the redacted information, and attach a list of codes and the brief explanations with the agency's response." WAC 44-14-04004(5)(b). These codes allow a requestor to make a threshold determination of whether the agency has properly invoked the exemption. Rental Housing Ass'n, 165 Wn.2d at 539.

Here, San Juan County inserted codes for each claimed exemption into the portion of record redacted under that exemption. The County redacted only the descriptions of work. Because the rest of the documents remained unredacted, the type of record and the dates and number of pages were all accessible. The County provided the following brief explanations, coded as either "1C" or "2":

1C. RCW 42.56.290 exempts from disclosure records that are relevant to a controversy to which an agency is a party but which records would not be available to another party under the rules of pretrial discovery for causes pending in the superior courts. The referenced records are relevant to a controversy to which San Juan County is a party and would not be available under the civil rules of discovery.

2. RCW 5.60.060(2)(a) and RCW 42.56.070(1) exempt from disclosure communication made by a client to an attorney, or the attorney's advice given thereon in the course of professional employment. The referenced information is a confidential attorney-client communication that is exempt from

12

> disclosure. *See*, Hangartner v. Seattle, 151 Wn.2d 439
> (2004); Sanders v. State, 169 Wn.2d 827 (2020).

These coded explanations track directly to the Washington Administrative Code (WAC) requirements. The explanations, in conjunction with the documents themselves, provide enough information that the requestor can make a threshold determination as to whether the information was appropriately redacted. To require more detailed explanations or further identifying features would have revealed content protected under attorney-client privilege and work product. We conclude that San Juan County's brief explanations satisfied the statutory requirement.

Attorney Fees

WCOG requests attorney fees under the PRA, which provides that "[a]ny person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action." RCW 42.56.550(4). Because WCOG does not prevail on appeal, we decline to award it fees.

We affirm.

_____
Smith, C.J.

WE CONCUR:

_____
Díaz, J.

_____
Birnbaum, J.